**Elizabeth Simeona BURGERT, an individual, Plaintiff–Appellant,**

**and**

**Francine Dawson, an individual; Belinda Anahuea Burgert, an individual; Shirley Kala, an individual; on behalf of themselves and all beneficiaries of the Bishop Estate, Plaintiffs,**

**v.**

**THE LOKELANI BERNICE PAUAHI BISHOP TRUST, a charitable trust administered under the laws of the State of Hawaii; Richard S.H. Wong, an individual; Marion Mae Lokelani Lindsey, an individual; Henry Peters, an individual; Gerard Jervis, an individual; Oswald K. Stender, an individual; The Bernice Pauahi Bishop Estate, a charitable trust administered under the laws if the State of Hawaii; John Does 1-5; John Does Corporations 1-5; John Does Partnerships 1–**

---

5; Roe Corporations 1–5; Doe Partnerships 1–5; Roe Non-Profit Organizations 1–5; Roe Governmental Agencies 1–5, Defendants–Appellees.

No. 98–16238.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 1, 1999.

Decided Jan. 26, 2000.

Joseph W. Cotchett, Cotchett, Pitre & Simon, Burlingame, California, for the plaintiff-appellant.

William C. McCorriston, McCorriston, Miho, Miller & Mukai, Honolulu, Hawaii, for defendants-appellees Richard S. Wong, Marion M.L. Lindsey, and Henry Peters.

Rosemary Fazio, Ashford & Wriston, Honolulu, Hawaii, for defendant-appellee the Estate of Bernice Pauahi Bishop.

Stacey M. Robinson, McCorriston, Miho, Miller & Mukai, Honolulu, Hawaii, for the defendants-appellees.

Before: D.W. NELSON, KOZINSKI, and W. FLETCHER, Circuit Judges.

W. FLETCHER, Circuit Judge:

This appeal presents the question whether the Native Hawaiian Education

Act and the Native Hawaiian Health Care Act create implied private rights of action. The district court concluded that the acts do not create such rights of action and dismissed plaintiff's suit for failure to state a claim pursuant to Fed.R.Civ.P. 12(b)(6). We affirm.

Elizabeth S. Burgert and others initiated this class action against the Bishop Trust and individual named trustees on behalf of all Native Hawaiians. The complaint alleged misuse of federal funds by the trust in violation of federal law, as well as violations of state law arising out of the same factual allegations. The Bishop Trust is a charitable testamentary trust established by the last direct descendent of King Kamehameha I, Princess Bernice Pauahi Bishop, who left her property in trust for a school dedicated to the education and upbringing of Native Hawaiians. The district court entered judgment in favor of defendants, finding that the federal statutes do not create private rights of action and dismissing the state law claims under 28 U.S.C. § 1367(c). Plaintiff Burgert timely appealed. We have jurisdiction under 28 U.S.C. § 1291.

■ We review de novo a motion to dismiss for failure to state a claim under Rule 12(b)(6). *See Arnett v. California Pub. Employees Retirement Sys.*, 179 F.3d 690, 694 (9th Cir.1999); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998). All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Enesco Corp. v. Price/Costco Inc.*, 146 F.3d 1083, 1085 (9th Cir.1998). The reviewing court may affirm the dismissal upon any basis fairly supported by the record. *See, e.g., Steckman*, 143 F.3d at 1295.

Discussion

Plaintiffs sued under the Native Hawaiian Education Act (NHEA), 20 U.S.C. §§ 7901–7912, and the Native Hawaiian Health Care Act (NHHCA), 42 U.S.C. §§ 11701–11714. The purposes of the NHEA include authorizing and developing educational programs, providing direction and guidance to local, state and federal agencies, supplementing and expanding existing programs, and encouraging participation of Native Hawaiians in the planning and management of Native Hawaiian education programs. *See* 20 U.S.C. § 7903. The act authorizes the Secretary of Education to establish organizations and programs specifically to benefit Native Hawaiians, such as councils, family and community-based centers, and various educational programs. *See* 20 U.S.C. §§ 7904–10. The act authorizes the Secretary of Education to make direct grants to fund these organizations and programs. *See id.*

The NHHCA similarly creates and funds various programs. In its declaration of intent, Congress lists numerous specific health goals that it hopes to achieve by the year 2000. *See* 42 U.S.C. § 11702(b). To further its goal of improving the health of Native Hawaiians, the act provides additional resources to existing health care programs. The act also authorizes the creation of a comprehensive health care master plan for Native Hawaiians; the provision of programs for comprehensive health promotion, disease prevention and primary health services; and the granting of scholarships to Native Hawaiians. *See* 42 U.S.C. §§ 11703, 11705, 11709. Most programs and grants under the act are administered through Papa Ola Lokahi, an organization consisting of various Hawaiian organizations including the Office of Hawaiian Affairs, the Office of Hawaiian Health, the University of Hawaii, and Hawaiian health care providers from each island. *See* 42 U.S.C. § 11711. The statute authorizes periodic review and evaluation of the grants and contracts. *See* 42 U.S.C. § 11707.

Because neither the NHEA nor the NHHCA contains an express private right of action, we are asked to decide on this appeal whether private rights of action may be inferred from the statutes. *Cort v.*

*Ash,* 422 U.S. 66, 95 S.Ct. 2080, 45 L.Ed.2d 26 (1975), provides four factors to guide that determination:

> First, is the plaintiff one of the class for whose especial benefit the statute was enacted—that is, does the statute create a federal right in favor of the plaintiff? Second, is there any indication of legislative intent, explicit or implicit, either to create such a remedy or to deny one? Third, is it consistent with the underlying purposes of the legislative scheme to imply such a remedy for the plaintiff? And finally, is the cause of action one traditionally relegated to state law, in an area basically the concern of the states, so that it would be inappropriate to infer a cause of action based solely on federal law?

*Id.* at 78, 95 S.Ct. 2080 (internal quotations and citations omitted).

Since its decision in *Cort,* the Supreme Court has emphasized that the central question is congressional intent. *See, e.g., California v. Sierra Club,* 451 U.S. 287, 297, 101 S.Ct. 1775, 68 L.Ed.2d 101 (1981); *Cannon v. University of Chicago,* 441 U.S. 677, 99 S.Ct. 1946, 60 L.Ed.2d 560 (1979). In *Touche Ross & Co. v. Redington,* 442 U.S. 560, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979), the Court explained that "The ultimate question is one of congressional intent," and that "the first three factors discussed in *Cort*—the language and focus of the statute, its legislative history, and its purpose are ones traditionally relied upon in determining legislative intent." *Id.* at 575–76, 99 S.Ct. 2479 (citations omitted). In applying *Cort,* we have emphasized that congressional intent is the ultimate issue and have analyzed the language of the statute, legislative history, and legislative scheme to determine this intent. *See Channel Star Excursions, Inc. v. Southern Pacific Transp. Co.,* 77 F.3d 1135, 1136–37 (9th Cir.1996).

Applying *Cort's* four-part test to the NHEA and the NHHCA, the district court found no implied private rights of action. While finding that Congress intended the statutes to confer benefits on the class plaintiff sought to represent, the district court found no expression of congressional intent to imply private rights of action in either the language or the legislative history of the two acts. The district court similarly did not find support for private rights of action in the overall schemes of the acts. Since the second and third factors of *Cort* were not satisfied, the district court concluded that there is no implied right of action under either statute. The district court declined to address the fourth *Cort* factor.

■ We agree with the district court that while both the NHEA and the NHHCA clearly intend to confer benefits on Native Hawaiians, there is no language in the text of either statute expressing an intent to confer rights that can be judicially enforced by individual Native Hawaiians. In the legislative findings recited in both statutes, there is an extensive explanation of the historical trust relationship between the federal government and the Native Hawaiian people making clear that the statutes are meant to benefit Native Hawaiians specifically. *See* 20 U.S.C. § 7902; 42 U.S.C. § 11701. But these findings cannot substitute for language conferring judicially enforceable private rights.

■ The legislative histories specific to each act also provide no evidence of a congressional intent to confer private rights of action to enforce the funding and programmatic goals established in the statutes. The House Report for the NHEA includes a recital that the act is "one of the several programs designed to uphold the United States' trust responsibility to indigenous people of Hawaii," H.R.Rep. No. 103–425 at 28 (1994), *reprinted in* 1994 U.S.C.C.A.N. 2807, 2834, but the language nowhere indicates that Congress intended to confer judicially enforceable rights upon individual Native Hawaiians. The Senate Report for the NHHCA addresses at length the special

relationship between the Native Hawaiians and the federal government, making clear that the purpose of the statute is to benefit Native Hawaiians. It states, "Congress does possess the authority, pursuant to the Federal–Native Hawaiian relationship to enact legislation that is rationally related to the purposes of the trust relationship— to legislate for the benefit of Native Hawaiians." S.Rep. No. 100–580 at 26, *reprinted in* 1988 U.S.C.C.A.N. 3864, 3889. But, as noted above, an express intent to benefit a particular group is not a sufficient basis to infer the creation of a private cause of action for an individual member of that group. Although there are several references in the Senate Report to judicial proceedings, they do not provide support for an implied private right of action. Indeed, one reference to judicial proceedings suggests quite the opposite, stating that "the United States is the only party with specific standing to sue in federal courts to enforce the provisions of the trust." *Id.* at 3900. The Senate Report also discusses the administrative procedures by which the Secretary of Health and Human Services may ensure adequate performance by those entities receiving grants, *id.* at 3902, but there is no mention of private judicial remedies to ensure that same performance.

Finally, the legislative scheme of both acts consists of federal assistance programs for Native Hawaiians, funded through grants administered by the Secretary of Education and the Secretary of Health and Human Services. The federal program delegates to state and private organizations the implementation of the benefits authorized under the statutes. We find no support in these schemes for the idea that Congress intended private rights of action against any recipients of the federal funds under these statutes.

We agree with the district court and conclude from the foregoing that the second and third factors of the *Cort* test do not support finding implied private rights of action under these statutes. The dis-

trict court did not reach the fourth factor, which considers whether the cause of action in question is traditionally handled under state law. This factor also supports a denial of a private right of action, for plaintiff's allegations primarily concern the misuse of federal funds under state trust law. Indeed, the Bishop Trust is currently involved in numerous ongoing state court proceedings brought under state law involving allegations similar to those in this suit.

Conclusion

The two statutes at issue here, the Native Hawaiian Education Act and the Native Hawaiian Health Care Act, are not enforceable by private causes of action. Applying the factors enunciated in *Cort,* we conclude that Congress did not intend to confer such rights on plaintiffs.

We therefore AFFIRM the judgment of the district court.