**Christopher EFFGEN, Plaintiff–Appellant,**

v.

**UNITED STATES; et al., Defendants–Appellees.**

**No. 01–35441.**

**D.C. No. CV–00–00346–A–JKS.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2002.*

Decided Feb. 22, 2002.

Before B. FLETCHER, T.G. NELSON, and TALLMAN, Circuit Judges.

MEMORANDUM **

Christopher Effgen appeals pro se the district court's order dismissing his action

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Effgen's request for oral argument.

for failure to state a claim and denying as moot Effgen's motion for summary judgment. We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir.1998), we affirm.

Effgen alleged that he was unlawfully denied temporary employment with the Census Bureau because he refused to complete a Form I–9, the Employment Eligibility Verification Form, when he applied for the position. The district court correctly dismissed Effgen's Fourth Amendment claim because Effgen did not allege that he was subjected to either a "search" or a "seizure." *See United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 80 L.Ed.2d 85 (1984). The district court properly dismissed Effgen's Fifth Amendment claim because none of the defendants violated his property or liberty interests when the Census Bureau declined to hire him. *See Bd. of Regents of State Colleges v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972) (property interest); *Roth v. Veteran's Admin.*, 856 F.2d 1401, 1410–11 (9th Cir.1988) (liberty interest). Effgen's claim pursuant to 8 U.S.C. § 1324a fails because the statute does not contain an express or implied private right of action. *See Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 664 (9th Cir.2000). His claims pursuant to 18 U.S.C. §§ 241, 242 fail for the same reason. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

The district court did not abuse its discretion when it declined to hold a hearing on Effgen's request for a preliminary injunction. *See Stanley v. Univ. of So. Cal.*, 13 F.3d 1313, 1326 (9th Cir.1994).

Effgen's remaining contentions lack merit.

**AFFIRMED.**

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.