**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PATRICK J. MANSHARDT,
            *Plaintiff-Appellant,*

            v.

FEDERAL JUDICIAL QUALIFICATIONS
COMMITTEE; GERALD PARSKY;
DIANNE FEINSTEIN; BARBARA BOXER,
            *Defendants-Appellees.*

No. 03-55683

D.C. No.
CV-02-04484-FMC

OPINION

Appeal from the United States District Court
for the Central District of California
Florence Marie Cooper, District Judge, Presiding

Argued and Submitted
February 11, 2005—Pasadena, California

Filed March 17, 2005

Before: John T. Noonan, David R. Thompson, and
Michael Daly Hawkins, Circuit Judges

Opinion by Judge Thompson

3333

## COUNSEL

Patrick J. Manshardt, Los Angeles, California, plaintiff-appellant pro se.

Joseph S. Klapach, Los Angeles, California, and Grant R. Vinik, Washington, D.C., for the defendants-appellees.

**OPINION**

THOMPSON, Senior Circuit Judge:

Patrick J. Manshardt appeals the dismissal of his complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a justiciable claim. In his complaint, Manshardt alleged that the Federal Judicial Qualifications Committee, a committee formed by private citizen Gerald Parsky and United States Senators Diane Feinstein and Barbara Boxer to recommend nominees to the President to fill federal district court and United States Attorney vacancies in California, had been meeting in private and without a charter in violation of the Federal Advisory Committee Act (FACA), 5 U.S.C. App. §§ 1 through 14.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that a private right of action is not available under FACA, and therefore we affirm the district court's dismissal of Manshardt's complaint.

## I.   FACTS AND PROCEEDINGS

The Federal Judicial Qualifications Committee was formed in March 2001 by Democratic Party Senators Diane Feinstein and Barbara Boxer, in conjunction with Gerald Parsky, a private businessman and member of the Republican Party. The Committee, which is responsible for recommending to the President nominations for federal district court judges and United States Attorneys in California,[1] was established pursu-

---

[1]The parties dispute the precise role played by the Committee in the screening and recommendation of candidates for United States Attorney. Manshardt alleges general involvement by the Committee in this process, while the Senators contend the screening of candidates for United States Attorney is conducted by Parsky and his twelve subcommittee appointees, without any involvement by the Senators' subcommittee appointees. Because this case comes to us on review of the district court's judgment of dismissal, we take Manshardt's allegations as true. *See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

ant to a voluntary agreement between Parsky and Senators Feinstein and Boxer to develop a list of candidates for appointment likely to meet with the approval of both the President and the Senate.

The Committee is comprised of four six-member committees, one for each judicial district in California. Each subcommittee includes one member selected by Senator Feinstein, one member selected by Senator Boxer, one member jointly selected by both Senators, and three members selected by Parsky. Parsky chairs the full Committee and serves as the appointed chair of each subcommittee. Each subcommittee is charged with naming three to five possible nominees for district court and United States Attorney vacancies within the relevant judicial district. Following review of each candidate under consideration, the subcommittees select potential nominees among those candidates by majority vote. Parsky reviews the subcommittees' recommendations and forwards them to the President to be considered for nomination.

Manshardt, an attorney who practices in various federal courts within California and a recent applicant for the post of United States Attorney for the Central District of California, challenged the validity of the Committee and its procedures by filing the complaint underlying the instant appeal. In his complaint, Manshardt alleged the Committee's activities violate FACA, 5 U.S.C. App. §§ 1 through 14.[2] Specifically, Manshardt alleged the Committee had failed to file a charter with the Administrator of General Services as required by section 9 of FACA, and had failed to hold meetings open to the public after notice published in the Federal Register as required by section 10.

---

[2]Manshardt's complaint also alleged violations of Article II, § 2, clause 2 of the Constitution (Presidential Appointment of Federal Officers), and the Government in the Sunshine Act, 5 U.S.C. § 552b. Manshardt has abandoned these claims.

The district court dismissed the complaint in its entirety on the ground that it presented a nonjusticiable political question. The district court held that judicial review of the propriety of the Committee's role in the nomination of federal district court judges and United States Attorneys would compel the court to "interject itself into the nomination process," an act that would violate constitutional separation of powers principles. The district court declined to address the various alternative bases for dismissal advanced by the defendants, including the absence of a private right of action to enforce FACA.

## II.   STANDARD OF REVIEW

We review de novo the district court's order dismissing the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, taking all well-pleaded allegations of material fact as true and construing them in the light most favorable to the plaintiff. *Gomper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). We may affirm a Rule 12(b)(6) dismissal on any basis fairly supported by the record. *Id.*

## III.   DISCUSSION

Parsky, joined by Senators Feinstein and Boxer, contends the district court properly dismissed Manshardt's FACA claims because FACA does not create a private right of action. Manshardt argues that although FACA does not contain an express provision for private rights of action, a private right may be implied. In support of this contention, Manshardt notes the Supreme Court has previously assumed the existence of a private right of action to enforce FACA. *See Public Citizen v. United States*, 491 U.S. 440 (1989); *see also Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 219 F. Supp. 2d 20, 33-34 (D.D.C. 2002), (collecting cases in which courts have assumed the existence of a private right of action

under FACA without examining whether Congress intended to create one), *rev'd on other grounds*, *Cheney v. United States Dist. Court*, 334 F.3d 1096 (D.C. Cir. 2003), *vacated on other grounds by Cheney v. United States Dist. Court*, 124 S. Ct. 2576 (2004).[3] Indeed, we have previously assumed the existence of a private right of action to enforce FACA. *See Aluminum Co. of Am. (ALCOA) v. Nat'l Marine Fisheries Serv.*, 92 F.3d 902 (9th Cir. 1996). In light of more recent precedent, which clarifies that private rights of action are not lightly to be implied, we decline to rely on the interstices of *Public Citizen* and instead independently evaluate the existence of a private right of action under FACA.

**[1]** In *Alexander v. Sandoval*, 532 U.S. 275, 286-87, (2001), the Supreme Court made clear that in the absence of clearly expressed Congressional intent to create a private right of action, no such action may be implied. It is irrelevant that a private right of action may be " 'necessary to make effective the congressional purpose,' " or may be desirable as a matter of public policy; private rights of action to enforce federal law, like substantive federal law itself, must be created by Congress. *Id.* at 287 (citing *J.I. Case Co. v. Borak*, 377 U.S. 426, 433 (1964)).

**[2]** The judicial inquiry into congressional intent, the Court made clear in *Sandoval*, is two-pronged: a private cause of action arises only when a statute "displays an intent to create not just a private right but also a private remedy." *Id.* at 286.[4]

---

[3]The district court in *Judicial Watch*, 219 F. Supp. 2d at 34-42, recognized that FACA's requirements might be capable of private enforcement through claims based on the Administrative Procedure Act, 5 U.S.C. § 706, and under the federal mandamus statute, 28 U.S.C. § 1361. Because Manshardt's claims are based exclusively on FACA, we need not consider whether judicial review of an advisory committee's compliance with FACA may be prompted by other statutory provisions.

[4]The Supreme Court has not abandoned, nor have we, consideration of the factors expressed in *Cort v. Ash*, 422 U.S. 66, 78 (1975), for evaluating whether a statute contains an implied private right of action. *See Walls v. Wells Fargo Bank*, 276 F.3d 502, 508 (9th Cir. 2002). We have, however, recognized that "the critical inquiry" is Congressional intent, and so direct our inquiry. *See id.*

Stated differently, even if a statute contains the requisite "rights-creating language" sufficient to confer "individual entitlement" to its benefits, *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 287 (2002), a private right of action will not be implied without an indication of congressional intent that such a right be privately enforceable. *Id.* at 284; *see also Price v. City of Stockton*, 390 F.3d 1105, 1109 n.3 (9th Cir. 2004) (distinguishing an implied cause of action from rights enforceable under 42 U.S.C. § 1983).

**[3]** It may well be that some of the FACA requirements Manshardt alleges were violated were intended by Congress to create private rights. Courts have extended recognition to FACA's rights-creating language in the past. *See Judicial Watch*, 219 F. Supp. 2d at 33 (citing *Cummock v. Gore*, 180 F.3d 282 (D.C. Cir. 1999)); *Byrd v. EPA*, 174 F.3d 239 (D.C. Cir. 1999) (recognizing that FACA grants a private right of access by the public to specified advisory committee materials). However, *Sandoval* requires more than mere congressional intent to create a private right; a private right of enforcement exists only if the statute also reveals congressional intent to create a private remedy. Our examination of the text and structure of FACA reveals nothing to indicate Congress intended a private remedy. FACA contains no express private right of action, nor does it include any provision for judicial review. Indeed, FACA is entirely silent as to the appropriate remedy for violation of its requirements.

**[4]** FACA instead appears to contemplate that monitoring and oversight of compliance with its requirements will be achieved, not through private enforcement, but rather by governmental regulation. The Act requires Congress to conduct a continuing review of the activities and responsibilities of existing advisory committees, 5 U.S.C. App. § 5(a), and to this end requires the President to submit to Congress an annual report on all advisory committees. *Id.* § 6(c). FACA obligates the Administrator of General Services to conduct a comprehensive annual review of the continuing usefulness of

existing advisory committees, and it requires both the GSA and the controlling federal agency to prescribe guidelines and management controls for advisory committees. *Id.* § 7(a)-(c). Finally, FACA grants authority to the Comptroller General to audit the financial records of any advisory committee. *Id.* § 12(a). While these provisions do not specify a comprehensive scheme of public enforcement of the type provided in Title VI, we are nonetheless mindful of the Court's admonition in *Sandoval* that "[t]he express provision of one method of enforcing a substantive rule suggests that Congress intended to preclude others." *Sandoval*, 532 U.S. at 290. FACA's express provisions for governmental oversight buttress our conclusion that a private right of action may not be implied. *See id.* at 290-91.

The district court's dismissal of Manshardt's complaint is AFFIRMED.