**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

PATRICK J. MANSHARDT,
           *Plaintiff-Appellant,*

v.

FEDERAL JUDICIAL QUALIFICATIONS
COMMITTEE; GERALD PARSKY;
DIANNE FEINSTEIN; BARBARA BOXER,
           *Defendants-Appellees.*

No. 03-55683

D.C. No.
CV-02-04484-FMC

OPINION

Appeal from the United States District Court
for the Central District of California
Florence Marie Cooper, District Judge, Presiding

Argued and Submitted
February 11, 2005—Pasadena, California

Filed May 12, 2005

Before: John T. Noonan, David R. Thompson, and
Michael Daly Hawkins, Circuit Judges.

Opinion by Judge Thompson

**COUNSEL**

Patrick J. Manshardt, Los Angeles, California, plaintiff-appellant pro se.

Joseph S. Klapach, Los Angeles, California, and Grant R. Vinik, Washington, D.C., for the defendants-appellees.

**OPINION**

THOMPSON, Senior Circuit Judge:

Patrick J. Manshardt appeals the dismissal of his complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a justiciable claim. In his complaint, Manshardt alleged that the Federal Judicial Qualifications Committee, a committee formed by private citizen Gerald Parsky and United States Senators Diane Feinstein and Barbara Boxer to recommend nominees to the President to fill federal district court and United States Attorney vacancies in California, had been meeting in private and without a charter in violation of the Federal Advisory Committee Act (FACA), 5 U.S.C. App. 2 §§ 1-14 (2004).

We have jurisdiction pursuant to 28 U.S.C. § 1291. We conclude that the Committee is not an advisory committee falling within the scope of FACA, and therefore we affirm the district court's dismissal of Manshardt's complaint.

*I*

*FACTS AND PROCEEDINGS*

The Federal Judicial Qualifications Committee ("the Committee") was formed in March 2001 by Senators Diane Feinstein and Barbara Boxer, both members of the Democratic Party, in conjunction with Gerald Parsky, a private businessman and member of the Republican Party. The Committee, which is responsible for recommending to the President nominations for federal district court judgeships and for United States Attorney positions in California,[1] was established pursuant to a voluntary agreement between Parsky and Senators Feinstein and Boxer to develop a list of candidates for appointment likely to meet with the approval of both the President and, when applicable, the Senate.

The Committee is comprised of four six-member committees, one for each judicial district in California. Each subcommittee includes one member selected by Senator Feinstein, one member selected by Senator Boxer, one member jointly selected by both Senators, and three members selected by Parsky. Parsky chairs the full Committee and serves as the appointed chair of each subcommittee. Each subcommittee is charged with naming three to five possible nominees for district court and United States Attorney vacancies within the relevant judicial district. Following review of each candidate under consideration, the subcommittees select by majority

---

[1]The parties dispute the precise role played by the Committee in the screening and recommendation of candidates for the office of United States Attorney. Manshardt alleges general involvement by the Committee in this process, while the Senators contend the screening of candidates for United States Attorney positions is conducted by Parsky and his twelve subcommittee appointees, without any involvement by the Senators' subcommittee appointees. Because this case comes to us on review of the district court's judgment of dismissal, we take Manshardt's allegations as true. *See, e.g., Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661, 663 (9th Cir. 2000).

vote potential nominees from among those candidates. Parsky reviews the subcommittees' recommendations and forwards them to the President to be considered for nomination.

Manshardt, an attorney who practices in various federal courts within California and a recent applicant for the post of United States Attorney for the Central District of California, challenged the validity of the Committee and its procedures by filing the complaint underlying the instant appeal. In his complaint, Manshardt alleged the Committee's activities violated FACA.[2] Specifically, Manshardt alleged the Committee had failed to file a charter with the Administrator of General Services as required by section 9 of FACA, 5 U.S.C. App. 2 § 9(c), and had failed to hold meetings open to the public after notice published in the Federal Register as required by section 10 of the Act, *id.* at App. 2. § 10(a).

The district court dismissed the complaint in its entirety on the ground that it presented a nonjusticiable political question. The district court held that judicial review of the propriety of the Committee's role in the nomination of federal district court judges and United States Attorneys would compel the court to "interject itself into the nomination process," an act that would violate constitutional separation of powers principles. The district court declined to address the various alternative bases for dismissal advanced by the defendants, including their contention that the Committee is not an "advisory committee" as defined by FACA.

---

[2]Manshardt's complaint also alleged violations of Article II, § 2, clause 2 of the Constitution (Presidential Appointment of Federal Officers), and the Government in the Sunshine Act, 5 U.S.C. § 552b (2004). Manshardt has abandoned these claims.

## II

### STANDARD OF REVIEW

We review de novo the district court's order dismissing the complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, taking all well-pleaded allegations of material fact as true and construing them in the light most favorable to the plaintiff. *Gomper v. VISX, Inc.*, 298 F.3d 893, 895 (9th Cir. 2002). Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). We may affirm a Rule 12(b)(6) dismissal on any basis fairly supported by the record. *Id.*

## III

### DISCUSSION

Parsky, joined by Senators Feinstein and Boxer, contends the district court properly dismissed Manshardt's FACA claims because the Committee is not an "advisory committee" falling within FACA's scope.[3] We agree.

---

[3]Parsky urges, in the alternative, that we affirm the district court's dismissal of Manshardt's FACA claims because FACA does not contain an express provision permitting a private cause of action to enforce rights created by the Act. Whether FACA is susceptible of private enforcement, either by its own terms or through claims based on other statutory authority, remains an open question, *see Colo. Envtl. Coalition v. Wenker*, 353 F.3d 1221, 1227 (10th Cir. 2004); *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Group*, 219 F. Supp. 2d 20, 33-34 (D.D.C. 2002), *rev'd on other grounds*, *Cheney v. United States Dist. Court*, 334 F.3d 1096 (D.C. Cir. 2003), *vacated on other grounds by Cheney v. United States Dist. Court*, 124 S. Ct. 2576 (2004), which we find unnecessary to consider in this case. *See*, *e.g.*, *Burks v. Lasker*, 441 U.S. 471, 476 n.5 (1979) ("The question whether a cause of action exists is not a question of jurisdiction, and therefore may be assumed without being decided."); *Price v. City of Stockton*, 390 F.3d 1105, 1108 (9th Cir. 2004) (same); *Lapidus v. Hecht*, 232 F.3d 679, 681 n.4 (9th Cir. 2000) (same); *see also Public Citizen v.*

**[1]** FACA applies exclusively to "advisory committees," 5 U.S.C. App. 2 § 4, which are defined as:

> any committee board, commission, council, conference panel, task force, or other similar group, or any subcommittee or other subgroup thereof . . . which is—
>
> > (A) established by statute or reorganization plan, or
> >
> > (B) established or utilized by the President, or
> >
> > (C) established or utilized by one or more agencies,
>
> in the interest of obtaining advice or recommendations for the President or one or more agencies or officers of the Federal Government, except that such term excludes (i) any committee that is composed wholly of full-time, or permanent part-time, officers or employees of the Federal Government, and (ii) any committee that is created by the National Academy of Sciences or the National Academy of Public Administration.

5 U.S.C. App. 2 § 3(2).

**[2]** As is plain from this language, a threshold requirement for an entity to be an "advisory committee"—and therefore subject to the requirements of FACA—is that it either be

---

*U.S. Dep't of Justice*, 491 U.S. 440 (1989) (apparently assuming, without expressly deciding, the existence of a private right of action to enforce FACA under the extant doctrinal framework, subsequently clarified by the Court's opinion in *Alexander v. Sandoval*, 532 U.S. 275, 286-87, (2001)).

established by statute or reorganization plan, or established or utilized by the President, or by one or more agencies. That the Committee was not established—or even authorized—by statute or reorganization plan, by the President, or by an agency is manifest from the allegations in the complaint. Whether the Committee was "utilized" by the President is only somewhat less evident, yet ultimately resolved by reference to the Supreme Court's decision in *Public Citizen v. United States Department of Justice*, 491 U.S. 440 (1989).

**[3]** In *Public Citizen*, the Court was called upon to decide FACA's application to the American Bar Association's Standing Committee on the Federal Judiciary, a committee that furnished "advice or recommendations" to the President concerning the qualifications of potential nominees for federal judgeships. *Id.* at 452. Because it was clear that the ABA Committee had not been established by statute, by the President, or by the Justice Department, FACA's applicability depended upon "whether [the committee was] 'utilized' by the President or the Justice Department as Congress intended that term to be understood." *Id.* The Court concluded that although the President utilized the ABA Committee in one common sense of the term, the President's use of the ABA Committee was not encompassed by FACA. *Id.* at 467. Such an unqualified reading of the term "utilize" as sought by the plaintiff "would extend FACA's requirements to any group of two or more persons, or at least any formal organization, from which the President or an Executive Agency seeks advice." *Id.* at 452. Particularly in the context of selecting political and judicial nominees, it would be absurd, according to the Court, to think that Congress intended FACA to apply so broadly. *Id.* at 453. Although FACA's reach "is extensive," the Court could not "believe that it was intended to cover every formal and informal consultation between the President or an Executive agency and a group rendering advice." *Id.*

**[4]** In the present case, the Committee, which operates at the behest of Parsky and Senators Boxer and Feinstein to

enable persons to offer a local perspective on potential nominees, is no more "utilized" by the President in making nominations than was the ABA Committee at issue in *Public Citizen*. Indeed, in comparison with the ABA Committee in *Public Citizen*, the Committee in this case is a less likely candidate for advisory committee status. Although the Committee was formed, at least in part, by public officials, the advice and recommendations it provided were, according to the complaint, not solicited by the President. In contrast, the views of the ABA Committee had been affirmatively solicited by the Justice Department. *See id.* at 444.

[5] Moreover, even if we were to conclude, as Manshardt urges, that the quasi-public character of the Committee qualifies as an important distinction undermining the apparent mandate of the Court's analysis in *Public Citizen*, we would nevertheless decline to apply FACA in light of the substantial constitutional difficulties its application would present. *See, e.g., Crowell v. Benson*, 285 U.S. 22, 62 (1932). On this point, the *Public Citizen* opinion is unambiguous—indeed unanimous: the application of FACA to a committee charged with suggesting or vetting federal judicial nominees, if not plainly unconstitutional, presents formidable constitutional difficulties. *Public Citizen*, 491 U.S. at 466-67; *see also id.* at 482 (Kennedy, J., concurring in the judgment). The power to nominate federal judges, as well as United States Attorneys, is textually committed by Article II, section 2, clause 2 of the Constitution to the President. In light of this constitutional provision, which applies with equal, if not more, force to the Committee in the present case than it did to the committee in *Public Citizen*, we apply the same "sound sense" that counseled caution in *Public Citizen* and decline to read FACA as broadly as Manshardt requests. *See Public Citizen*, 491 U.S. at 467.

The district court's dismissal of Manshardt's complaint is AFFIRMED.