Albert O. **STEIN**, Plaintiff—Appellant,

v.

**PACIFIC BELL; et al.**, Defendants—Appellees.

No. 04–16043.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2006.

Decided March 22, 2006.

Robert C. Schubert, Juden Justice Reed, Willem F. Jonckheer, Schubert & Reed, LLP, San Francisco, CA, Shannon P. Keniry, Burton H. Finkelstein, Esq., Douglas G. Thompson, Finkelstein, Thompson & Loughran, Roy A. Katriel, The Katriel Law Firm, PLLC, Washington, DC, for Plaintiff—Appellant.

Christopher R. Ball, Esq., Pillbury Winthrop Shaw Pittman LLP, Craig E. Stewart, Esq., Jones Day, San Francisco, CA, for Defendants—Appellees.

Before: REINHARDT, PAEZ, and TALLMAN, Circuit Judges.

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Stein brought suit against Pacific Bell Telephone Company ("Pacific Bell"), SBC Com-

### MEMORANDUM *

Albert O. Stein ("Stein") appeals the district court's judgment in favor of Pacific Bell.[1] Stein brought suit against Pacific Bell, an incumbent local exchange carrier ("ILEC"), on behalf of himself and all California subscribers to Pacific Bell's Digital Subscriber Line ("DSL") services between May 20, 2000 and September 30, 2001, alleging violations of the Telecommunications Act of 1996 ("TCA"), 47 U.S.C. § 151 et seq., and § 2 of the Sherman Act, 15 U.S.C. § 2.

The district court dismissed the TCA claims on the ground that Stein lacked a private right of action and granted Pacific Bell's motion for summary judgment on the Sherman Act claims on the ground that the claims were foreclosed by the Supreme Court's recent decision in *Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 124 S.Ct. 872, 157 L.Ed.2d 823 (2004). We agree that *Trinko* forecloses the Sherman Act claims and therefore affirm the district court's decision with respect to those claims. We disagree that Stein lacked a private right of action under the TCA. The question remains, however, whether Stein properly alleged violations of a specific provision of the TCA so as to allow him to exercise his private right of action. Therefore, we vacate the district court's order granting Pacific Bell summary judgment on the TCA claims and remand for consideration of this question.

We review *de novo* a district court's grant of a motion to dismiss pursuant to

munications Inc. ("SBC"), SBC Telecommunications, Inc., SBC Technology Resources, Inc. and SBC Advanced Solutions, Inc. We refer to these parties collectively as "Pacific Bell."

Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Manshardt v. Fed. Judicial Qualifications Comm.*, 408 F.3d 1154, 1156 (9th Cir.2005). We also review *de novo* a district court's grant of a motion for summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004).

*The Sherman Act Claims*

Stein's two Sherman Act claims based on Pacific Bell's alleged refusal to deal with its competitors are foreclosed by *Trinko*. In *Trinko*, the Supreme Court examined a refusal to deal claim in a context similar to the one at hand. The Court rejected Trinko's claim because it was distinguishable from *Aspen Skiing Co. v. Aspen Highlands Skiing Corp.*, 472 U.S. 585, 105 S.Ct. 2847, 86 L.Ed.2d 467 (1985). Stein's refusal to deal claims are also distinguishable from *Aspen Skiing*, which is "at or near the outer boundary of § 2 liability." *Trinko*, 540 U.S. at 409, 124 S.Ct. 872.

Unlike the circumstances in *Aspen Skiing*, the course of dealing between Pacific Bell and its competitors occurred within a congressionally-imposed regulatory scheme, and therefore "does not fit comfortably in the *Aspen Skiing* mold" of voluntariness. *MetroNet Servs. Corp. v. Qwest Corp.*, 383 F.3d 1124, 1132 (9th Cir. 2004). Pacific Bell's cooperation with competing local exchange carriers ("CLEC") was not "presumably profitable," but rather was the product of the TCA and the FCC's regulatory authority. Moreover, unlike the defendant in *Aspen Skiing*, the product that Pacific Bell allegedly withheld was not available to the public at retail. Rather, its loop qualification information was only of use to CLECs, existing "only deep within the bowels of [Pacific Bell]." *Trinko*, 540 U.S. at 410, 124 S.Ct. 872.

Stein also alleged Sherman Act violations based on the essential facility and monopoly leveraging doctrines. "[E]ssential facility claims should ... be denied where a state or federal agency has effective power to compel sharing and to regulate its scope and terms.... The 1996 Act's extensive provision for access makes it unnecessary to impose a judicial doctrine of forced access." *Trinko*, 540 U.S. at 411, 124 S.Ct. 872 (internal quotations marks and citations omitted). Pacific Bell had a statutorily-imposed obligation to provide its competitors with access to its loop qualification information. Therefore, Stein could not state a claim under the essential facilities doctrine. "[L]everaging presupposes anticompetitive conduct." *Trinko*, 540 U.S. at 415, 124 S.Ct. 872 n. 4. Given that Stein's other anticompetitive claims have been rejected, there is nothing upon which to base this claim.

In sum, we conclude that the district court properly granted summary judgment in favor of Pacific Bell on Stein's Sherman Act claims.

*The TCA Claims*

 Section 206 of the TCA, 47 U.S.C. § 206, expressly creates carrier liability to the person injured by *any violation* of the TCA and Section 207, 47 U.S.C. § 207, expressly permits *any person* claiming to be injured by the violation to bring suit in district court. Taken together, these provisions create a private right of action, thereby enabling Stein to sue for a violation of the TCA. *See Metrophones Telecomms., Inc. v. Global Crossing Telecomms., Inc.*, 423 F.3d 1056, 1063 (9th Cir.2005), *cert. granted in part*, —— U.S. ——, —— S.Ct. ——, —— L.Ed.2d —— (2006)[2] ("[A]ny person who suffers dam-

---

2. The Supreme Court recently granted certiorari on the limited issue of whether 47 U.S.C. § 201(b) of the Communications Act of 1934

creates a private right of action for a provider of payphone services to sue a long distance carrier for alleged violations of the FCC's

ages as a result of a common carrier's violation of a provision[ ] of this chapter ... may seek recovery of those damages in federal court under 47 U.S.C. §§ 206 and 207.") (internal quotation marks omitted); *Brown v. MCI WorldCom Network Servs., Inc.*, 277 F.3d 1166, 1170 (9th Cir. 2002) ("Customers alleging that a carrier has violated a filed tariff (or otherwise violated the [TCA]) may choose to bring their complaints to the FCC *or* to 'any district court of the United States of competent jurisdiction.'" (citation omitted) (emphasis in original)).

Our inquiry, however, does not stop here. Although Stein has a private right of action to bring suit for a TCA violation, it is unclear whether Stein properly alleged such a violation. *See Metrophones*, 423 F.3d at 1063–64 ("... a claim under §§ 206 and 207 requires violation of a statute...."). Stein's complaint did not specify which section of the TCA Pacific Bell allegedly violated. The district court inferred, based on Stein's complaint, that Stein asserted violations of 47 U.S.C. § 251.[3] Section 251 establishes the general duty of telecommunication carriers to interconnect with one another and details further obligations of ILECs, which include negotiating in good faith and entering into interconnection agreements with CLECs to make available interconnection, services, or network elements to the CLECs that request access in a "just, reasonable, and nondiscriminatory" manner. 47 U.S.C. § 251(c)(1)-(3).

The TCA establishes an interconnection agreement as the mechanism through which local exchange carriers can satisfy their obligations under § 251. *See* 47 U.S.C. § 251(c)(1) ("The duty to negotiate in good faith ... the particular terms and

conditions of *agreements to fulfill the duties* described in paragraphs (1) through (5) of subsection (b) of this section and this subsection." (emphasis added)). Stein's claims are premised on the existence of these interconnection agreements between Pacific Bell and other local exchange carriers. Therefore, the question remains whether Stein has alleged, or can allege, violations of § 251 itself or rather of the interconnection agreements that Pacific Bell entered into with its competitors in an effort to satisfy its § 251 obligations. On remand, the district court should determine in the first instance whether Stein has alleged, or can allege, violations of § 251. The district court should also determine in the first instance whether alleged violations of interconnection agreements are sufficient to allow Stein to avail himself of §§ 206 and 207. *See Law Offices Of Curtis V. Trinko, LLP v. Bell Atlantic Corp.*, 305 F.3d 89 (2d Cir.2002), *rev'd and remanded on other grounds by Verizon Commc'ns, Inc. v. Law Offices of Curtis V. Trinko, LLP*, 540 U.S. 398, 124 S.Ct. 872, 157 L.Ed.2d 823 (2004).

Therefore, we vacate the district court's dismissal of Stein's TCA claim and remand to the district court to address the above questions in light of the private right of action created by §§ 206 and 207 to remedy a violation of the TCA.

AFFIRMED in part; VACATED in part, and REMANDED.

---

regulations concerning compensation for coinless payphone calls. Here, Stein's claims do not involve § 201(b) or FCC regulations.

**3.** Both parties agree that, at the very least, Stein sought to allege violations of § 251.