IN THE UNITED STATES DISTRICT COURT 

 FOR THE DISTRICT OF OREGON 

TORSTEN KAMRATH, an Individual, 

 Plaintiff, Case No. 1:23-cv-01516-MC 

 v. OPINION & ORDER 

ADDICTIONS RECOVERY CENTER, 
INC., a corporation, 

 Defendant. 
_____________________________ 

MCSHANE, District Judge: 
 Plaintiff Torsten Kamrath brings religious discrimination claims under Title VII of the 
Civil Rights Act and Oregon law against his former employer, Defendant Addictions Recovery 
Center, Inc. First Am. Compl. (“FAC”), ECF No. 11. Plaintiff alleges that Defendant unlawfully 
terminated his employment when he declined, based on a sincerely held religious belief, to take 
the COVID-19 vaccine. Id. ¶ 16. Defendant again moves to dismiss.1 Def.’s Mot. to Dismiss, 
ECF No. 2. Because Plaintiff again fails to sufficiently allege a conflict between his sincerely 
held religious beliefs and the COVID-19 vaccine, Defendant’s Motion to Dismiss (ECF No.12) 
is GRANTED. 

1 As discussed below, the Court granted Defendant’s Motion to Dismiss Plaintiff’s original Complaint. Op. & Order, 
ECF No. 10. 

1 – OPINION & ORDER 
I. BACKGROUND 
 Plaintiff Torsten Kamrath was employed by Addictions Recovery Center for 
approximately six years as a Certified Recovery Mentor and Peer Support Specialist. Pl.’s 
Compl. ¶ 5. Plaintiff is a “devoutly religious individual who adheres to principles of a Christian 
faith and is dedicated to following the tenets of his faith to the best of his ability.” Id. ¶ 6. In the 

summer of 2021, Defendant announced that they would be implementing and enforcing a 
COVID-19 vaccine mandate in the workplace, except for employees with approved religious 
exemption requests. Id. ¶ 11. In September 2021, Plaintiff formally sought a religious exemption 
to the mandate. Id. Defendant denied the exemption and, on October 15, 2021, terminated 
Plaintiff’s employment. Id. 
 Plaintiff then filed this action and Defendant moved to dismiss for failure to state a claim. 
In granting Defendant’s motion to dismiss the original Complaint, the Court noted: 
 In the present case, although Plaintiff identifies as “devoutly religious,” he fails to 
 explain how practicing his Christian beliefs actually conflicted with the 
 employment requirement to take the COVID-19 vaccine. See Pl.’s Compl. ¶¶ 6, 
 11. Indeed, the sum total of Plaintiff’s allegations supporting his sincerely held 
 religious belief consists of: “Plaintiff is also a devoutly religious individual who 
 adheres to principles of a Christian faith and is dedicated to following the tenets 
 of his faith to the best of his ability” and “Plaintiff had serious objections to 
 taking the vaccine because of his deeply held religious beliefs.” Id. Such 
 “[g]eneral references to Christianity do not meet even a ‘fairly minimal’ burden at 
 the pleading stage, as such allegations are conclusory and fail plausibly to suggest 
 that a plaintiff’s anti-vaccination beliefs are in fact religious.” Stephens v. Legacy-
 GoHealth Urgent Care, No. 3:23-cv-206, 2023 WL 7612395, at *[6] (D. Or. Oct. 
 23, 2023), findings and recommendations adopted as clarified by, 2023 WL 
 7623865 (Nov. 14, 2023); Trinh v. Shriners Hosps. for Child., No. 3:22-cv-01999, 
 2023 WL 7525228, at *I10–11 (D. Or. Oct. 23, 2023), (granting motion to 
 dismiss in Title VII claim where plaintiff was “devoutly” religious and objected to 
 taking the COVID-19 vaccine because it would “constitute violating her bodily 
 integrity and tainting the purity of her body”) (emphasis in original), findings and 
 recommendations adopted, 2023 WL 7521441 (Nov. 13, 2023). 

2 – OPINION & ORDER 
ECF No. 10, 5. 
 Plaintiff’s FAC adds an allegation containing his statement to Defendant explaining why 
he required a religious exception. FAC ¶ 11. Once again, Defendant moves to dismiss. 
II. STANDARD OF REVIEW 
 To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain 

sufficient factual matter that “state[s] a claim to relief that is plausible on its face.” Bell Atl. 
Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the factual 
allegations allow the court to infer the defendant’s liability based on the alleged conduct. 
Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). The factual allegations must present more than “the 
mere possibility of misconduct.” Id. at 678. 
 When considering a motion to dismiss, the Court must accept all allegations of material 
fact as true and construe those facts in the light most favorable to the non-movant. Burgert v. 
Lokelani Bernice Pauahi Bishop Trust, 200 F.3d 661, 663 (9th Cir. 2000). But the court is “not 
bound to accept as true a legal conclusion couched as a factual allegation.” Twombly, 550 U.S. at 

555. If the complaint is dismissed, leave to amend should be granted unless “the pleading could 
not possibly be cured by the allegation of other facts.” Doe v. United States, 58 F.3d 494, 497 
(9th Cir. 1995). 
III. DISCUSSION 
To assert a prima facie failure-to-accommodate claim under Title VII, Plaintiffs must 
allege that (1) she “had a bona fide religious belief, the practice of which conflicted with an 
employment duty; (2) [she] informed [her] employer of the belief and conflict; and (3) the 
employer discharged, threatened, or otherwise subjected [her] to an adverse employment action 

3 – OPINION & ORDER 
because of [her] inability to fulfill the job requirement.” Peterson v. Hewlett-Packard Co., 358 
F.3d 599, 606 (9th Cir. 2004). “According to the EEOC, ‘a bona fide religious belief is one that 
is sincerely held.’” Stephens, 2023 WL 7612395, at * 3 (quoting U.S. Equal Emp. Opportunity 
Comm’n, EEOC-CVG-2023-3, Section 12: Religious Discrimination, § 12-1(A)(2) (Jan. 15, 
2021) (cleaned up)). 

 The Supreme Court and the Ninth Circuit have each cautioned against second-guessing 
the reasonableness of an individual’s asserted religious beliefs. See e.g., Burwell v. Hobby Lobby 
Stores, Inc., 573 U.S. 682, 725 (2014) (noting the Court’s “narrow function in this context is to 
determine whether the line drawn reflects an honest conviction[.]”) (cleaned up); Bolden-Hardge 
v. Off. of California State Controller, 63 F.4th 1215, 1223 (9th Cir. 2023) (“we do not interrogate 
the reasonableness of [Plaintiff’s] beliefs and instead focus our inquiry on whether she has 
alleged an actual conflict.”). However, a court need not take “plaintiffs’ conclusory assertions of 
violations of their religious beliefs at face value.” Bolden-Hardge, 63 F.4th at 1223. Similarly, a 
“threadbare reference” to a plaintiff’s religious beliefs is insufficient to satisfy the first element 

of a prima facie case for Title VII discrimination. Gage v. Mayo Clinic, No. CV-22-02091-PHX-
SMM, 2023 WL 3230986, at *3 (D. Ariz. May 3, 2023) (citing Iqbal, 556 U.S. at 678). 
 Title VII does not protect medical, economic, political, or social preferences. See Tiano v. 
Dillard Dep’t Stores, Inc., 139 F.3d 679, 682 (9th Cir. 1998); see also Detwiler, 2022 WL 
19977290, at *4 (finding plaintiff's objection to regular COVID-19 antigen testing to be 
secular—as opposed to a “sincere religious opposition”— because they believed the tests were 
carcinogenic and would cause more harm than good) report and recommendation adopted, 2023 
WL 3687406 (D. Or. May 26, 2023); Ruscitti v. Legacy Health, No. 3:23-cv-00787-JR, 2023 

4 – OPINION & ORDER 
WL 8007620 (D. Or. Sept. 27, 2023), report and recommendation adopted, 2023 WL 8006269 
(D. Or. Nov. 16, 2023) (listing cases and noting “the use of religious vocabulary does not elevate 
a personal medical judgment to a matter of protected religion”) (quoting Passarella v. Aspirius, 
Inc., 22-cv-342-jdp, 2023 WL 2455681, at *5-6 (W.D. Wis. Mar. 10, 2023)). 
 Plaintiff’s FAC contains further context regarding his requested exception. Plaintiff 

alleges he “had serious objections to taking the vaccine because of his deeply held Christian 
beliefs. Plaintiff’s role as a minister and his unshakeable faith in God’s ability to keep him safe 
from the COVID-19 virus without taking the vaccine was directly related to his opposition to 
taking the COVID-19 vaccine.” FAC ¶ 11. Additionally, for the first time, Plaintiff includes his 
request for an exception. Plaintiff informed Defendant: 
 I, Torsten W. Kamrath have been an active member and ordained minister 
 (Reverend) since September 7th of 2010. I have been ministering to people, 
 performing ceremonies and funerals, giving solace, suggestions and counsel as 
 such Reverend. With the people I minister to, it is my most important belief to do 
 so with the integrity of :Not [sic] to judge, not to discriminate, not to condemn, 
 not to coerce and not to force. My belief and ministering is non-denominational 
 and practiced accordingly to the best of my daily doings, my belief and 
 knowledge. My Creator has provided so far with what is necessary and I believe it 
 has shown since March of 2020 [sic]. Through faith, prayer and practice I have 
 been able to perform my duties at work and remained healthy without a 
 vaccination. It is my belief that this vaccination is of no integral good for my 
 body, my spirituality or person in general. 
Id. (emphasis omitted). 
 The Court certainly accepts as true that Plaintiff believed his Creator kept Plaintiff 
healthy despite Plaintiff’s choice to not receive the vaccine. But this belief presents no conflict 
with Defendant’s vaccine mandate. Stated differently, Plaintiff’s specific factual allegation that 
“[t]hrough faith, prayer and practice I have been able to perform my duties at work and remained 
healthy without a vaccination” does not present an “actual conflict” with Defendant’s 

5 – OPINION & ORDER 
requirement that, barring a valid exception, employees must be vaccinated. And Plaintiff’s 
allegation that “It is my belief that this vaccination is of no integral good for my body, my 
spirituality or person in general” is the type of “conclusory assertions of violations of his 
religious beliefs” that the Court need not take “at face value.” Bolden-Hardge, 63 F.4th at 1223; 
see Kather v. Asante Health Sys., No. 1:22-cv-01842-MC, 2023 WL 4865533, *5 (D. Or. July 

28, 2023) (statements related to employer being in no position “to judge the Word of God” and 
mandate was “blasphemy, satanic, sinful, untruth” failed to allege any religious-based conflict 
because “vague expressions of sincerely held Christian beliefs alone cannot serve as a blanket 
excuse for avoiding all unwanted employment obligations.”). 
 Concerns based on the vaccine’s potential to damage Plaintiff’s body (or even his 
“spirituality or person in general”) differ from concerns this Court previously found to be based 
on a valid, religious conflict with the mandate. See Bird v. Randol, No. 6:23-CV-1678-MC, 2024 
WL 964244 (D. Or. Mar. 6, 2024) (plaintiff adequately pled a sincerely held religious beliefs 
when she informed her employer, “‘the Holy Spirit has moved on my heart and conscience that I 

must not accept the COVID vaccine,’ and that she would be ‘jeopardizing my relationship with 
God’ if she were ‘to go against the moving of the Holy Spirit.’” (cleaned up)); see also Kather, 
2023 WL 4865533, *4–5 (finding Plaintiffs adequately alleged a religious conflict with an 
employment duty by alleging “Satan is at work with the whole forceful COVID-19 mandate” and 
explaining receiving the vaccine conflicted with “sincerely held religious belief not to interfere 
with the function of the human immune system which God created.”). Plaintiff’s statement that 
“It is my belief that this vaccine is of no integral good for my body, my spirituality or person in 
general” falls well short of affirmative statements that some religious entity directed someone to 

6 – OPINION & ORDER 
not take the vaccine. The latter, affirmative allegations meet the “minimal burden” because they 
allege an actual conflict with a vaccine mandate. The former statements, relating instead to a 
general belief that the vaccine is “of no integral good,” do not. 
 To summarize, the Court agrees with numerous judges in this district that concerns about 
the vaccine’s side effects and safety are unprotected medical beliefs, rather than protected 

religious beliefs. See Detwiler, 2023 WL 7221458 at *6 (acknowledging Plaintiff’s sincerely 
held religious belief that “her body is a temple of the Holy Spirit” but concluding her objection 
to carcinogenic substance in vaccine “was not, in this case, premised on the Bible or any other 
religious tenet or teaching, but rather on her research-based scientific/medical judgments.”), 
report and recommendation adopted, 2023 WL 7220734 (D. Or. Nov. 2, 2023); see also Craven 
v. Shriners Hosps. for Child., No. 3:22-cv-01619-IM, 2024 WL 21557 at *4 (D. Or. Jan. 2, 2024) 
(despite religious conviction that Plaintiff’s “body is a temple of the Holy Spirit,” plaintiff’s 
objection that the COVID-19 vaccine was unsafe and could “cause serious harm and even death 
to the body” was “decidedly secular” and “scientific and medical, not religious.”); Stephens, 

2023 WL 7612395, at *6 (recognizing “fairly minimal” burden to allege conflict with religious 
belief but holding allegations that as a “devoutly religious member of the Christian faith who 
endeavors at all times to follow the teachings of Christ, [plaintiff] did not believe it was 
consistent with her faith to take the vaccine” did not meet even that minimal burden). 
 The Court agrees with Judge Mosman that it “boils down to a pleading requirement issue. 
Courts will not second-guess the reasonableness of a plaintiff’s assertion that a requirement 
conflicts with her religious beliefs, but plaintiffs still must saw what the conflict is. This burden 
is minimal, but plaintiffs must still allege a conflict.” Bulek v. Kaiser Found. Hosp., No. 3:23-cv-

7 – OPINION & ORDER 
01585-MO, 2024 WL 1436134, at *3 (D. Or. April 3, 2024) (concluding allegations that 
exception was needed “based on [Plaintiff’s] sincerely held religious beliefs as a devout 
Christian” failed to allege any conflict with employer’s policy and plaintiff’s religious beliefs). 
Because Plaintiff fails to plead a sincerely held religious belief that conflicted with an 
employment duty, his religious discrimination claims fail. Peterson, 358 F.3d at 606; see Gage, 

2023 WL 3230986, at *3 (noting a “threadbare reference” to religious beliefs fails to establish 
the first element of a prima facie case for Title VII discrimination). 
IV. CONCLUSION 
 Defendant’s Motion to Dismiss (ECF No. 12) is GRANTED. Because Plaintiff’s 
exception request confirms Plaintiff did not provide Defendant with any reason to think the 
vaccine policy conflicted with any sincerely held religious belief, amendment would be futile 
and this action is DISMISSED, with prejudice. 
IT IS SO ORDERED. 
 DATED this 30th day of May, 2024. 

 ________/s/ Michael McShane________ 
 Michael McShane 
 United States District Judge 

8 – OPINION & ORDER