Mathew W. TAYLOR

v.

Matthew W. QUALL, et al.

No. CV06–5366PA(MANX).

United States District Court,
C.D. California.

Sept. 25, 2006.

Ian Chowdhury, Law Offices of Ian Chowdhury, Winnetka, CA, for Plaintiff.

Tomio B. Narita, Jeffrey A. Topor, Wineberg, Simmonds & Narita LLP, San Francisco, CA, for Defendants.

ANDERSON, District Judge.

**Proceedings:** IN CHAMBERS—COURT ORDER

Before the Court is a Motion to Dismiss the Second and Third Claims for Relief in

the plaintiff's Complaint filed by defendants Matthew W. Quall, Lang, Ritchert & Patch, and Unifund CCR Partners (collectively, "Defendants"). (Docket No. 9.) Pursuant to Federal Rule of Civil Procedure 78 and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for September 25, 2006 is vacated, and the matter taken off calendar.

## I. FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND

According to the Complaint, Defendants used improper methods to collect a debt owed by plaintiff Matthew Taylor ("Plaintiff"). In early 2001, Plaintiff lost his job and stopped making payments on his Citbank credit card account. He received several calls from individuals seeking payment on the account, but he maintained that he could not and would not pay. After a few months, these debt collection efforts ceased.

Defendants subsequently acquired the debt owed by Plaintiff and initiated an action seeking damages for his failure to pay the account. Plaintiff alleges that the action was barred by the applicable statute of limitations and that Defendants lacked the capacity to maintain it. He also asserts that Defendants improperly sought attorney's fees and costs, and made multiple misrepresentations to Plaintiff until he ultimately settled the action.

Plaintiff then initiated this putative class action by filing a complaint in Los Angeles Superior Court on July 20, 2006 on behalf of himself and all other individuals from whom Defendants attempted to collect consumer credit card debt using similar practices from July 2001 to July 2006. The Complaint asserts claims under the federal Fair Debt Collection Practices Act ("FDCPA"), the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), and California Business & Professions Code § 17200. Defendants removed the action to this Court on August 24, asserting that the Court has federal question jurisdiction over Plaintiff's FDCPA claim and supplemental jurisdiction over the state-law claims.

Defendants now move to dismiss the state-law claims on the ground that they are barred by the litigation privilege codified at California Civil Code § 47(b).

## II. STANDARD ON RULE 12(b)(6) MOTION TO DISMISS

Generally, plaintiffs in federal court are required to give only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). While the Federal Rules allow a court to dismiss a cause of action for "failure to state a claim upon which relief can be granted," they also require all pleadings to be "construed so as to do substantial justice." Fed.R.Civ.P. 12(b)(6), 8(f). " 'Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.' " *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984)); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957) ("A motion may not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."); *Daniel v. County of Santa Barbara*, 288 F.3d 375, 380 (9th Cir.2002). " 'All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party.' " *Daniel*, 288 F.3d at 380 (quoting *Burgert v. Lokelani Bernice Pauahi Bishop Trust*, 200 F.3d 661,

663 (9th Cir.2000)). The Ninth Circuit is particularly hostile to motions to dismiss under Rule 12(b)(6). *See, e.g., Gilligan v. Jamco Dev. Corp.,* 108 F.3d 246, 248–49 (9th Cir.1997) ("The Rule 8 standard contains a powerful presumption against rejecting pleadings for failure to state a claim.") (internal quotation omitted).

In reviewing Defendants' motion, the Court presumes the truth of the factual allegations in the Complaint, and draws all reasonable inferences in favor of Plaintiff as the non-moving party. *See Parks Sch. of Bus., Inc. v. Symington,* 51 F.3d 1480, 1484 (9th Cir.1995). Under the standards outlined above, even conclusory allegations are sufficient to state a claim if they " 'give the defendant fair notice of what plaintiff's claim is and the ground upon which it rests.' " *Swierkiewicz,* 534 U.S. at 507, 122 S.Ct. at 997 (quoting *Conley,* 355 U.S. at 47, 78 S.Ct. at 103).

## III. ANALYSIS

■ The litigation privilege applies to any publication or broadcast made in any judicial proceeding. Cal. Civ.Code § 47(b). It applies to " 'any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action.' " *Olszewski v. Scripps Health,* 30 Cal.4th 798, 830, 135 Cal.Rptr.2d 1, 27–28, 69 P.3d 927 (2003) (quoting *Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal. Rptr. 638, 642, 786 P.2d 365 (1990)).

■ The litigation privilege is "absolute" in that it applies "to apply to *all* publications, irrespective of their maliciousness." *Silberg,* 50 Cal.3d at 215–16, 266 Cal.Rptr. at 644–45, 786 P.2d 365. It also has a broad application and extends to all torts except malicious prosecution. *Olszewski,* 30 Cal.4th at 830, 135 Cal. Rptr.2d at 27, 69 P.3d 927. "Further, it

applies to any publication required or permitted by law in the course of a judicial proceeding to achieve the objects of the litigation, even though the publication is made outside the courtroom and no function of the court or its officers is involved." *Silberg,* 50 Cal.3d at 212, 266 Cal.Rptr. at 642, 786 P.2d 365.

The rationale for the broad sweep of the litigation privilege is that it affords "litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by derivative tort actions." *Id.* at 213, 266 Cal.Rptr. at 642, 786 P.2d 365. Especially relevant here, the privilege "promotes the effectiveness of judicial proceedings by encouraging attorneys to zealously protect their clients' interests. '[I]t is desirable to create an absolute privilege ... not because we desire to protect the shady practitioner, but because we do not want the honest one to have to be concerned with [subsequent derivative] actions.' " *Id.* at 214, 266 Cal. Rptr. at 643, 786 P.2d 365 (alterations and omission in original) (quoting *Thornton v. Rhoden,* 245 Cal.App.2d 80, 99, 53 Cal. Rptr. 706, 719 (1966).) Thus, it "places upon litigants the burden of exposing during trial the bias of witnesses and the falsity of evidence, thereby enhancing the finality of judgments and avoiding an unending roundelay of litigation, an evil far worse than an occasional unfair result." *Id.* at 214, 266 Cal.Rptr. 638, 786 P.2d 365, 266 Cal.Rptr. at 644, 786 P.2d 365.

■ Here, all of the allegedly wrongful debt collection practices engaged in by Defendants occurred in the context of litigation. According to the Complaint, all of Defendants' communications to Plaintiff occurred between the time that he was served with the summons and complaint and the time that he settled the action. Thus, all of the communications fall within the scope of the privilege because they

were made in the context of a judicial proceedings by parties to that litigation. They were also made to achieve the objects of the litigation and were connected to the action because they involved the allegations and requests for relief in the complaint and representations made in order to induce settlement of the claims. Furthermore, application of the privilege in this case furthers its purpose of promoting free access to the courts, zealous advocacy, and the finality of judgments. In the absence of a claim for malicious prosecution, Plaintiff's remedy for the alleged abuses committed by Defendants was the exposure of those abuses in the earlier litigation.

Plaintiff argues that the privilege should not apply, however, to claims arising under California's RFDCPA. He first asserts that application of the privilege is foreclosed by the Supreme Court's reasoning in *Heintz v. Jenkins,* 514 U.S. 291, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). There, the Court held that litigation activities by attorneys acting as debt collectors may subject them to the FDCPA. *Id.* at 294, 115 S.Ct. at 1490. That case, however, was concerned solely with the construction of the term "debt collector" within the meaning of the FDCPA, and did not address the relevance of any particular state's privilege law, let alone California's litigation privilege. *See id.* at 292, 115 S.Ct. at 1490 ("The issue before us is whether the term 'debt collector' in the Fair Debt Collection Practices Act applies to a lawyer who 'regularly,' *through litigation* tries to collect consumer debts.") (citation omitted); *see also id.* at 294–95, 115 S.Ct. at 1490–91 (employing methods of statutory construction to resolve the issue). Accordingly, *Heintz* provides no direct support for Plaintiff's contentions.

Nonetheless, Plaintiff maintains that other courts have applied the logic of *Heintz* to preclude application of the litiga-

tion privilege to state-law claims analogous to those under the FDCPA. The case he cites fails to support this proposition, however, because it references *Heintz* only with respect to an FDCPA claim. *Irwin v. Mascott,* 112 F.Supp.2d 937, 963 (N.D.Cal. 2000). To the extent that *Irwin* did allow a derivative § 17200 claim based on the FDCPA violation, it did not address whether the litigation privilege applies to such claims. *Id.* at 962–63 (analyzing a different privilege, the common interest privilege codified at Cal. Civil Code § 47(c)). As such, *Irwin* provides no authority for allowing Plaintiff to assert such a claim here, where the litigation privilege has been asserted.

All of the other authority cited by Plaintiff is also inapposite. The two California Court of Appeal cases he refers to are unpublished, and should not have been cited pursuant to California Rule of Court 977(a). Nonetheless, neither case addresses debt collection practices that occurred entirely within the context of litigation before a court. *See First N. Am. Nat'l Bank v. Brown,* No. B176618, 2005 WL 67123, at *2, 2005 Cal.App. Unpub. LEXIS 356, at *5–*6 (Ct.App. Jan 13, 2005) (pre-litigation debt collection efforts); *Bochman v. Pugh,* No. E035097, 2005 WL 288976, at *1, 2005 Cal.App. Unpub. LEXIS 831, at *2–4 (Ct. App. Jan. 31, 2005) (postjudgment debt collection efforts). The remaining federal authority he cites is also unpersuasive. The court there refused to apply Ohio's absolute litigation privilege to claims under an act similar to the RFDCPA because Ohio state cases had applied the act to litigation activities. *Blevins v. Hudson & Keyse, Inc.,* 395 F.Supp.2d 662, 668 (S.D.Ohio 2004); *Hartman v. Asset Acceptance Corp.,* No. 1:03–cv–113, 2004 U.S. Dist. LEXIS 24845, at *27–*28 (S.D. Ohio Sept. 29, 2004). Here, however, Plaintiffs have cited no California authority applying

the RFDCPA to the type of activities alleged in his Complaint.

### Conclusion

In sum, Plaintiff has filed to provide the Court with any authority, and it is not aware of any, that supports his right to maintain his state-law claims against Defendants on the facts alleged in his Complaint. For all of the foregoing reasons, Defendants' motion is granted and Plaintiff's second and third causes of action are dismissed with prejudice.

IT IS SO ORDERED.