**Michael NICKOLOFF, Plaintiff,**

v.

**WOLPOFF & ABRAMSON, L.L.P. and Centurion Capital Corporation, Defendants.**

**No. CV 07–3990ER.**

United States District Court, C.D. California.

Sept. 18, 2007.

Michael R. Simmonds, Tomio B. Narita, Simmonds & Narita LLP, San Francisco, CA, for Defendant.

### ORDER GRANTING JUDGMENT ON THE PLEADINGS

EDWARD RAFEEDIE, Senior District Judge.

This matter came before the Court on Monday, September 10, 2007, at 10:00 a.m. on Defendants' motion for judgment on the pleadings pursuant to Rule 12(c). After reading and considering the parties' briefs and oral argument, the Court has reached the following conclusions:

### I. RULE 12(c) STANDARD

■ Rule 12(c) of the Federal Rules of Civil Procedure provides that a party may move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay the trial." Fed. R.Civ.P. 12(c). In considering a motion for judgment on the pleadings, the court must accept all material allegations of the complaint as true and view them in the light most favorable to the plaintiff. *NL Industries v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986). Dismissal is proper only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Sun Savings and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir.1987).

### II. First Claim For Relief: Federal Fair Debt Collection Practices Act

■ In this case, Plaintiff alleges that Defendants violated the Federal Fair Debt Collection Practices Act ("FDCPA") by filing an arbitration claim on debt they had no legal right to collect. The Federal Arbitration Act, 9 U.S.C. §§ 1–16, provides the exclusive remedy for challenging the administration of an arbitration award. Seeking damages in federal court for alleged wrongdoing that compromised an arbitration award is an impermissible collateral attack on the award itself. *Decker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 205 F.3d 906 (6th Cir.2000).

■ Here, Plaintiff's complaint merely sets forth facts contesting the sufficiency of the documentary evidence filed during the arbitration connecting the chain of title on the alleged debt to Defendant Centurion Capital. Compl. ¶ 13. The arbitrator's decision that the evidence was sufficient to connect the debt to Defendant

Centurion cannot be attacked via Plaintiff's complaint for unlawful debt collection practices. The arbitrator's conclusion can properly be attacked only through a motion to vacate, modify, or correct the award pursuant to the Federal Arbitration Act or the Plaintiff can seek to reopen the arbitration proceeding and ask the arbitrator to reconsider pursuant to the National Arbitration Code of Procedure, Rule 43.

■ Furthermore, the Plaintiff's complaint does not allege that Defendant Centurion did not actually own the debt at the time it brought the arbitration claim. The complaint only alleges that during the arbitration proceeding Centurion did not produce adequate documentary evidence to prove that it owned the debt at the time it brought the arbitration claim. Compl. ¶ 13. A debt collector does not violate the FDCPA merely because it files a lawsuit without immediate means of proving the debt. *See Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 330–31 (6th Cir.2006). Thus to the extent that Plaintiff's allegations of harassing and abusing the debtor rest on the fact that Defendants did not possess adequate proof of the debt at the time they delivered the arbitration claim, Plaintiff can prove no set of facts that would entitle him to relief under the FDCPA. Because Plaintiff does not allege that Defendant Centurion did not actually own the debt at the time it brought the arbitration claim, Defendants' motion for judgment on the pleadings as to Plaintiff's FDCPA claims is GRANTED.

### III. Second Claim For Relief: California Fair Debt Collection Practices Act

Plaintiff further alleges that Defendants violated the California Fair Debt Collection Practices Act ("Rosenthal Act") by filing an arbitration claim on debt they had no legal right to collect. For the reasons stated above with regard to the FDCPA,

Defendants' motion for judgment on the pleadings is GRANTED with regard to the Rosenthal Act.

■ Furthermore, the litigation privilege set forth in California Civil Code § 47 is applicable to any communication made during an arbitration proceeding. *See Moore v. Conliffe*, 7 Cal.4th 634, 29 Cal. Rptr.2d 152, 871 P.2d 204, 213 (1994), *Silberg v. Anderson*, 50 Cal.3d 205, 266 Cal. Rptr. 638, 786 P.2d 365 (1990). Because Plaintiff's allegation that Defendants submitted documents that did not adequately connect the chain of title to Defendant Centurion Capital attacks a communication made during an arbitration proceeding, the litigation privilege applies. *See Rusheen v. Cohen*, 37 Cal.4th 1048, 39 Cal.Rptr.3d 516, 128 P.3d 713 (2006).

Plaintiff argues that the litigation privilege should not apply to Rosenthal Act claims based on the holding in *Oei v. N. Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089 (C.D.Cal.2006), where the court concluded that the litigation privilege and the Rosenthal Act could not be reconciled "in the context of [that] case." However, the facts of that case are sufficiently different so that its holding does not apply to the present case. In particular, in *Oei* it was alleged that the Defendant incessantly called the Plaintiffs and verbally harassed them on the phone outside the arbitration proceeding. *Id.* at 1101. Here Plaintiff only alleges that Centurion submitted documents that did not adequately connect the chain of title during the arbitration proceeding. Thus, under the facts of this case, there is no reason or precedent for exempting the Rosenthal Act *-claim in this case from the litigation privilege set forth in Cal. Civ.Code § 47.

Therefore, Plaintiff's Rosenthal Act claim is barred by California's litigation privilege and so Defendants' motion for judgment on the pleadings is GRANTED

with regard to the Rosenthal Act claim on that basis as well.

## IV. LEAVE TO AMEND

Under Fed.R.Civ.P. 15(a), leave to amend is to be liberally granted. *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981). Accordingly, the Plaintiff will be permitted to amend his complaint to state a claim for unlawful debt collection practices. Plaintiff shall have 20 days to amend his complaint. If Plaintiff chooses to file an amended complaint, Defendant shall have 20 days to respond to the amended complaint.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk of the Court shall serve, by United States mail or by telefax or by email, copies of this Order on counsel for the parties in this matter.