**MELLO**

v.

**GREAT SENECA FINANCIAL CORP., et al.**

**No. CV 06–6919 PSG (RCx).**

United States District Court,
C.D. California.

Nov. 5, 2007.

Kenneth C. Feldman, Stephen H. Turner, Lewis Brisbois Bisgaard & Smith, Los Angeles, CA, for Great Seneca Financial Corp., et al.

**Proceedings: (In Chambers) Order on Defendant's Motion to Dismiss Plaintiffs Second Amended Complaint (link # 32)**

PHILIP S. GUTIERREZ, District Judge.

Before this Court is Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint. The Court finds the matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local R. 7–15.

## I. BACKGROUND

Jim Mello ("Plaintiff"), an individual consumer, brought a lawsuit against Great Seneca Financial Corp., ("GSFC") and Cir Law Offices, LLP.[1] Plaintiff alleges that GSFC violated the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 *et seq.* ("FDCPA"), and the California Rosenthal Act, Civil Code Section 1788 et seq. ("Rosenthal Act").

Specifically, as alleged by Plaintiff in his Second Amended Complaint ("SAC"), GSFC purchases old, defaulted debt in batches of one thousand (or more) accounts at a time, for which it pays pennies (or less) on the dollar. (SAC, p. 3:16–3:17.) After purchasing the defaulted debt, GSFC then files lawsuits against individuals allegedly indebted on the pur-

---

1. On June 29, 2007, CIR was dismissed as a defendant pursuant to stipulation and order, with prejudice.

chased accounts. (SAC, p. 3:18–3:20.) Also, GSFC does not obtain evidence of the amount of the debt allegedly owed by the debtor, evidence of the original agreement (including interest rate), or evidence of the chain of ownership of the debt. (SAC, p. 3:21–3:28.) Plaintiff concedes that this is common practice in the industry because of the time and cost of obtaining such documentation. (SAC, p. 3:263:27.)

Moreover, Plaintiff alleges that GSFC regularly files lawsuits for debt collection but fails to undertake a reasonable investigation into whether its debt-collection is barred by the statute of limitations. Plaintiff states that the default rate on lawsuits brought by Defendants is extremely high; once a default judgment is entered, the debtor's chances of overturning it are virtually limited to those situations where service of process was improper. (SAC, p. 4:13–4:15.) Therefore, Plaintiff concludes that in the vast majority of cases, GSFC can proceed to post-judgement collection regardless of whether it could have proved its case in litigation. (SAC, p. 4:16–4:17.)

On May 2, 2006, GSFC caused its attorney CIR to file a state court action ("the Action"), Los Angeles Court Case Number, 05C02987, against Plaintiff to try to collect on a debt owed on a credit card account ("the Debt"). (SAC, p. 5:10–5:12.) Plaintiff, who was defendant in the state court matter, on May 17, 2006 filed an answer stating that the complaint in the Action failed to state a cause of action against the then-defendant, and that the Action was barred by the statute of limitations. (SAC, p. 5:18–5:21.) Now, Plaintiff alleges that GSFC knew that the evidence it possessed, and was willing or able to obtain during the course of the state court litigation, was and would be insufficient as a matter of law to prove a case at time of trial. Plaintiff further alleges that GSFC

continued to prosecute the Action knowing that the Action had no merit. (SAC, p. 5:27–5:28.) GSFC dismissed the Action without prejudice on September 7,2006. (SAC, p. 5:27–5:28.)

In response to GSFC's state court action, Plaintiff brought this federal court action against GSFC. Plaintiff alleges that he was harassed, oppressed and abused by GSFC when it pursued debt collection against him in state court. (SAC, p. 6:10–6:11). Now, GSFC has brought a motion to dismiss Plaintiff's Second Amended Complaint.

## II. *LEGAL STANDARD*

### A. Motion to Dismiss

 Federal Rule of Civil Procedure ("FRCP") 12(b)(6), allows a party to dismiss a claim if the claimant fails to state a claim upon which relief can be granted. The FRCP require that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). Although detailed factual allegations are unnecessary, a claimant's "obligation to provide the 'grounds' of his 'entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.' " *Bell Atl. Corp. v. Twombly,* —— U.S. ——, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929, (2007). The Complaint must allege sufficient facts to raise a right to relief above a speculative level. *Id.* In evaluating the sufficiency of a complaint under FRCP 12(b)(6), a court must accept as true all factual allegations in the complaint, and view all allegations in the light most favorable to the claimant. *See Cahill v. Liberty Mut. Ins. Co.,* 80 F.3d 336, 337–38 (9th Cir.1996). Dismissal is proper if the complaint fails to allege either a cognizable legal theory or sufficient facts under a cognizable legal theory.

*See Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir.1988).

### B. Motion For Judgement On the Pleadings

■■■ Defendant, in the alternative, moves for judgement on the pleadings. Federal Rule of Civil Procedure 12(c) states that a party may move for a summary judgement after the close of the pleadings. "In considering a motion for judgement on the pleadings, the district court must accept all material allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Nickoloff v. Wolpoff & Abramson,* 511 F.Supp.2d 1043 (C.D.Cal.2007) (citing FRCP 12(c); *NL Industries v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986)). It is proper to grant judgment on the pleadings only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *Sun Savings and Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987).

## III. *DISCUSSION*

### A. Plaintiffs Claims

Some courts have held that the FDCPA is not violated by the filing of a lawsuit prior to admissible evidence being obtained. *See Harvey v. Great Seneca Financial Corp.,* 453 F.3d 324, 330 (6th Cir. 2006); *Deere v. Javitch, Block and Rathbone LLP,* 413 F.Supp.2d 886, 891 (D.Ohio 2006). GSFC cites these cases in support of its argument that Plaintiffs SAC fails to state a claim under FRCP 12(b)(6) because GSFC's state court action was proper. GSFC claims that it did not need evidence of its ownership of the Debt before GSFC commenced the state court suit against the Plaintiff.

■■■ However, GSFC fail to address other claims made by the Plaintiff in the SAC. Plaintiff also alleges that GSFC knew that the alleged evidence it pos-

sessed or which GSFC was willing or able to obtain during the course of the state court litigation, was and would be insufficient as matter of law to prove a case at trial. Plaintiff claims that GSFC engaged in a pattern and practice of filling debt collection suits without ever obtaining, or intending to obtain, admissible evidence of the existence or amount of such debts. (SAC, p. 3:21–3:28, 4:1–4:21.) Plaintiff further alleges that GSFC's actions followed a pattern and practice of filing lawsuits without intention or ability to obtain evidence of alleged debts. Because GSFC does not address Plaintiff's claim that GSFC filed its lawsuit without intention or ability to obtain evidence of Plaintiffs alleged debt, according to GSFC's pattern and practice, it would be improper to dismiss this claim.

Thus, Plaintiff alleges that GSFC's pattern and practice, and improper motive, combine to create a deceptive practice prohibited by FDCPA. Because GSFC does not address this claim, the Court must deny GSFC's motion to dismiss.

### B. Litigation Privilege

■■ GSFC additionally argues that lawyers and their clients who participate in judicial proceedings are entitled to absolute immunity from suit for their statements which are reasonably related to and made in the course of those proceedings. However, GSFC has cited no controlling authority for this proposition and provided no compelling justification for application of this proposition to the facts of this case. Furthermore, GSFC's position has been soundly rejected by courts. *See Sayyed v. Wolpoff & Abramson,* 485 F.3d 226, 229 (4th Cir.2007). Therefore, the Court will not grant GSFC's motion on this basis.

### C. A Motion For Judgement On The Pleadings Is Not Proper

Furthermore, GSFC's Motion for Judgment on the Pleadings is denied for the

same reasons as GSFC's Motion to Dismiss. Plaintiff has stated a claim that it might be able to prove at trial. GSFC has failed to address this claim, and therefore, its motion for judgment on the pleadings must fail.

## IV. CONCLUSION

For the reasons set forth above, GSFC's Motion to Dismiss and Motion for Judgment on the Pleadings is hereby DENIED.