**MELLO**

v.

**GREAT SENECA FINANCIAL CORP., et al.**

**No. CV 06–6919 PSG (RCx).**

United States District Court,
C.D. California.

Nov. 5, 2007.

**Proceedings: (In Chambers) Order on Defendant GSFC's Motion to Strike Plaintiff's State Law Cause of Action (link # 33)**

PHILIP S. GUTIERREZ, District Judge.

Before this Court is GSFC's Motion to Strike Plaintiff's State Law Cause of Action. The Court finds the matter appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local R. 7–15.

I. *BACKGROUND*

Jim Mello ("Mello") filed a lawsuit against Great Seneca Financial Corp. ("GSFC") and CIR Law Offices ("CIR") on October 30, 2006.[1] On December 6,

---

1. On June 29, 2007, CIR was dismissed as a defendant pursuant to stipulation and order, with prejudice.

2006, Mello filed his First Amended Complaint. Then, the Court allowed Mello to file his Second Amended Complaint ("SAC") on July 27, 2007. Mello's SAC alleges that GSFC attempted to collect on a time-barred debt by causing its attorneys, CIR, to file an action against Mello on May 2, 2006 in Los Angeles Superior Court. (SAC, ¶¶ 30 & 38.) Mello further alleges that "Defendants knew that the alleged evidence they possessed, and were willing or able to obtain during the course of litigation was, and would be insufficient as a matter of law to prove a case at time of trial" and that "Defendants continued to prosecute the Action knowing that the Action had no merit." (SAC, ¶¶ 33–34.)

Based on GSFC's debt-collection attempts including filing a complaint in state court against Mello, Mello's SAC asserts two causes of action including (1) violation of the federal Fair Debt Collection Practices Act, 25 U.S.C. § 1692 and (2) violation of California's Rosenthal Act, Cal. Civ. Code § 1788.17.

GSFC has now brought a motion to dismiss Mello's SAC and a separate motion to strike Mello's state law claim in his SAC under California Code of Civil Procedure § 425.16. This order solely addresses GSFC's motion to strike.

## II. *LEGAL STANDARD*

### A. California's Anti–SLAPP Statute– Cal. Civ. P.Code § 425.16

■ "California law provides for pretrial dismissal of 'SLAPPS': 'Strategic Lawsuits against Public Participation.' Cal.Civ.Proc.Code § 425.16. These are lawsuits that 'masquerade as ordinary lawsuits' but are brought to deter common citizens from exercising their political or legal rights or to punish them for doing so.... 'The anti-SLAPP statute was enacted to allow for early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation.'" *Batzel v. Smith,* 333 F.3d 1018, 1023–24 (9th Cir.2003).

Cal.Civ.Proc.Code § 425.16 provides a mechanism for a special motion to strike a SLAPP complaint. Cal.Civ.Proc.Code § 425.16(b). The statute states:

(b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

(2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.

(3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of the determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be effected by that determination in any later stage of the case or in any subsequent proceeding.

*Id.* Also, section 415.16(c) states that "[i]n any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorneys' fees and costs...." Cal.Civ. Proc.Code § 425.16(c).

■ "In order to prevail on an anti-SLAPP motion, the defendant is required to make a prima facie showing that the plaintiff's suit arises from an act by the defendant made in connection with a public issue in furtherance of the defendant's

right to free speech under the United States or California Constitution.... The burden then shifts to the plaintiff to establish a reasonable probability that the plaintiff will prevail on his or her [ ] claim." *Batzel*, 333 F.3d at 1024.

■ Furthermore, the Legislature responded to case law concerning the anti-SLAPP statute by "add[ing] to section 425.16 the provision that it 'shall be construed broadly.'" *Wilbanks v. Wolk*, 121 Cal.App.4th 883, 893, 17 Cal.Rptr.3d 497 (2004). "Whenever possible, [the courts] should interpret the First Amendment and section 425.16 in a manner 'favorable to the exercise of freedom of speech, not to its curtailment.'" *Id.* at 893, 17 Cal.Rptr.3d 497 (citing *Briggs v. Eden Council for Hope & Opportunity*, 19 Cal.4th 1106, 1119, 81 Cal.Rptr.2d 471, 969 P.2d 564 (1999)).

### B. Applicability of the Anti–SLAPP Statute in Federal Court

■ As the court in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F.Supp.2d 1127 (N.D.Cal.1999) stated, [w]ith respect to the applicability of the anti-SLAPP statute to claims filed in federal court, the Court turns to a recent decision from the Ninth Circuit, *United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir. 1999), in which the Ninth Circuit held that the statute was applicable to state law counterclaims asserted in a federal diversity action. The Court concluded that application of the statute to such claims would not result in a 'direct collision' with the Federal Rules. The Court ... conclud[ed] that important substantive state interests are furthered by the anti-SLAPP statute, that no identifiable federal interest would be undermined by applying the anti-SLAPP statute in diversity actions and that prohibiting the application of the anti-SLAPP statute in

federal diversity actions would promote forum-shopping.

*Globetrotter Software*, 63 F.Supp.2d at 1129–1130.

### III. *DISCUSSION*

#### A. Applicability of the Anti–SLAPP Statute to Mello's Claims

In this case, GSFC asks the Court to apply California's anti-SLAPP statute to Mello's state law claim for violation of California's Rosenthal Fair Debt Collection Practices Act. In accordance with the Ninth Circuit's reasoning in *United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir.1999), the Court finds that California's anti-SLAPP statute can properly be applied to Mello's California state law claim in federal court. Thus, the Court will proceed to analyze GSFC's claim that Mello's state law claim should be stricken under Cal.Civ.Proc.Code § 425.16.

#### B. Application of the Cal.Civ.Proc. Code § 425.16 to Mello's Rosenthal Act Claim

##### 1. GSFC's Prima Facie Showing that Plaintiff's Suit Arises From GSFC's Protected Activity

■ When a special motion to strike is filed, "[i]n order to prevail on [the] anti-SLAPP motion, the defendant is required to make a prima facie showing that the plaintiff's suit arises from an act by the defendant made in connection with a public issue in furtherance of the defendant's right to free speech under the United States or California Constitution." *Batzel*, 333 F.3d at 1024. "A defendant meets this burden by demonstrating that the [defendant's] act underlying the plaintiff's cause fits one of the categories spelled out in section 425.16, subdivision (e)." *Navellier v. Sletten*, 29 Cal.4th 82, 88, 124 Cal.

Rptr.2d 530, 52 P.3d 703 (2002) (citation omitted).

■ In this case, GSFC has established that Mello's suit arises from GSFC's action made in furtherance of its right to petition and could be a SLAPP suit. By its terms, the anti-SLAPP statute can protect "any written or oral statement or writing made before a legislative, executive, or judicial proceeding ... authorized by law" because such a statement or writing is an "act in furtherance of a person's right of petition ... under the United States ... Constitution." Cal.Civ.Proc.Code § 425.16(e)(1). Therefore, under the statute's express language, statements and writings made during judicial proceedings are protected by the anti-SLAPP statute, including a complaint filed in a judicial proceeding. *See also Navellier*, 29 Cal.4th at 90, 124 Cal. Rptr.2d 530, 52 P.3d 703 ("A claim for relief filed in federal district court indisputably is a 'statement or writing made before a ... judicial proceeding.' ") Here, Mello's suit was filed directly in response to GSFC's lawsuit filed in California state court, and therefore, the anti-SLAPP statute can apply to Mello's suit.

Accordingly, GSFC has satisfied the first part of the test for application of Cal. Civ. P.Code § 425.16. Because GSFC has satisfied its initial burden, the Court "must then determine whether the plaintiff has demonstrated a probability of prevailing on [its] claim." *Navellier*, 29 Cal.4th at 88, 124 Cal.Rptr.2d 530, 52 P.3d 703.

### 2. Plaintiff's Probability of Prevailing on the Merits of its Claims

■ When facing an anti-SLAPP motion to strike, a plaintiff "must demonstrate a probability of prevailing on [its] claims in order to defeat the motion to strike[.]" *Id.* at 768, 124 Cal.Rptr.2d 530, 52 P.3d 703 (citation omitted). "This means that plaintiffs must state [ ] and substantiate a legally sufficient claim. [Ci-

tations] Put another way, the plaintiff must demonstrate that the complaint is both legally sufficient and supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited." *Id.* (citations and internal quotation marks omitted).

■ "However, a cause of action may only be stricken under the anti-SLAPP statute if it arises from protected speech or petitioning activity and lacks even minimal merit.... Where a cause of action refers to both protected and unprotected activity and a plaintiff can show a probability of prevailing on *any part of its claim,* the cause of action is not meritless and will not be subject to the anti-SLAPP procedure." *Mann v. Quality Old Time Service, Inc.,* 120 Cal.App.4th 90, 106, 15 Cal. Rptr.3d 215 (2004) (internal citation omitted and emphasis in original).

### a. Whether the Debt–Collection Was Time–Barred

■ Under Cal. Civ. P.Code § 339, if an action is based "upon a contract, obligation or liability not founded upon an instrument in writing," the action is subject to a two year statute of limitations. Cal. Civ. P.Code § 339. Here, GSFC brought its suit in California state court based upon a contract for which it has never produced a writing. In this action, GSFC has also failed to produce a written contract in reply to Mello's statute of limitations argument. Therefore, the Court will apply the two year statute of limitations for contracts not based on a writing.

■ Mello claims that he made a payment on the subject account on March 13, 2002 and that GSFC's state court lawsuit was filed on December 23, 2005. Mello argues that the two year statute of limitations began to run on March 13, 2002. However, it is not clear when the subject

account went into default and the statute of limitations began to accrue. Neither party has submitted evidence about the defaulting date, and thus the Court is unable to determine if GSFC's state court lawsuit was time-barred.

 Without evidence that GSFC's state court lawsuit was time-barred, the Court cannot yet determine whether GSFC's state court suit was harassment or a deceptive practice in violation of the Rosenthal Act, which tracks the FDCPA. GSFC's suit cannot yet be characterized as harassment because merely filing a lawsuit without sufficient evidence is not, by itself, harassment or a deceptive practice. As the Sixth Circuit noted in *Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th Cir.2006),

> Even when viewed from the perspective of an unsophisticated consumer, the filing of a debt-collection lawsuit without the immediate means of proving the debt does not have the natural consequence of harassing, abusing, or oppressing a debtor. Any attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system [by filing a debt-collection lawsuit that is not time-barred] cannot be said to be an abusive tactic under the FDCPA [and California's Rosenthal Act].

*Id.* at 330–331 (citation omitted). Also, because it is unclear whether GSFC misrepresented the legal status of the debt it sought to collect in state court by misrepresenting whether or not the debt was time-barred, GSFC's state court lawsuit cannot yet be characterized as a deceptive practice in violation of the FDCPA and the Rosenthal Act on that basis.

However, though Mello has not established that he can prove a violation of the Rosenthal Act, he might be able to prove a violation later in the case. Upon a determination of when the underlying debt went

into default, the Court will be able to determine the applicability of the statute of limitations. Given the timing of GSFC's state court lawsuit, it is reasonably likely that Mello will be able to establish that GSFC's suit was time-barred. Thus, Mello has demonstrated at least a minimal probability of prevailing on his claim, and an anti-SLAPP motion to strike would be inappropriate at this point.

### 3. Does the Litigation Privilege Protect GSFC's State Court Lawsuit

 GSFC alternatively argues that Mello's Rosenthal Act claim should be stricken under California's anti-SLAPP procedure because GSFC's state court lawsuit was protected by California's litigation privilege, codified in Cal. Civ.Code § 47(b)(2). Cal. Civ.Code § 47(b)(2) exempts from liability a "publication or broadcast made [i]n any . . . judicial proceeding [or] other official proceeding authorized by law." Cal. Civ.Code § 47(b). However, the Court finds that the litigation privilege cannot be applied in this case to protect GSFC's state court action.

 As the court in *Oei v. N. Star Capital Acquisitions, LLC*, 486 F.Supp.2d 1089 (C.D.Cal.2006) stated, under "the familiar principle of statutory construction that, in cases of irreconcilable conflict, the specific statute prevails over the general one," and thus, the litigation privilege must be overridden in light of California's Rosenthal Act. *Id.* at 1100–01 (citing *Schoendorf v. U.D. Registry, Inc.*, 97 Cal. App.4th 227, 243, 118 Cal.Rptr.2d 313 (2002) ("to the extent that the [California Consumer Credit Reporting Agencies Act . . .] cannot be reconciled with the [litigation] privilege, the CCRAA . . ., being more specific, prevail[s] over the litigation privilege, which is more general.")). *But see Taylor v. Quall*, 458 F.Supp.2d 1065 (C.D.Cal.2006); *Nickoloff v. Wolpoff &*

*Abramson, LLP.,* 511 F.Supp.2d 1043 (C.D.Cal.2007).

Thus, the litigation privilege cannot immunize GSFC's state court lawsuit from liability under California's more specific consumer protection statute, the Rosenthal Act. Accordingly, the Court will not grant GSFC's anti-SLAPP motion to strike Mello's federal lawsuit based on the litigation privilege.

## IV. *CONCLUSION*

For the foregoing reasons, the Court DENIES GSFC's Motion to Strike Mello's California Rosenthal Act cause of action.