## BUTLER

v.

## RESURGENCE FINANCIAL, LLC.

### No. CV 07–3919–GHK (Ex).

United States District Court,
C.D. California.

Nov. 06, 2007.

Alexander B. Trueblood, Alexander B. Trueblood Law Offices, Los Angeles, CA, for Butler.

Jeffrey A. Topor, Michael R. Simmonds, Tomio B. Narita, Simmonds and Narita, San Francisco, CA, for Resurgence Financial, LLC.

**Proceedings: (In Chambers) Order re: Defendant's Motion for Judgment on the Pleadings**

GEORGE H. KING, District Judge.

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings ("Motion"). We have considered the papers filed in support of and opposition to the Motion, and deem this matter appropriate for resolution without oral argument. L.R. 7–15. The parties are familiar with the facts in the current action. Thus, we will not repeat any facts except as necessary.

## I. Motion For Judgment on the Pleadings Standard

■ Judgment on the pleadings, pursuant to Federal Rule of Civil Procedure 12(c), is proper only when there is no unresolved issue of fact, and no question remains that the moving party is entitled to a judgment as a matter of law. *Torbet v. United Airlines, Inc.,* 298 F.3d 1087, 1089 (9th Cir.2002); *Honey v. Distelrath,* 195 F.3d 531, 532–33 (9th Cir.1999). It must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Sun Savings and Loan Ass'n v. Dierdorff,* 825 F.2d 187, 191 (9th Cir.1987).

■ The standard applied on a Rule 12(c) motion is essentially the same as that applied on motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). *See Hal Roach Studios, Inc. v. Richard Feiner & Co.,* 896 F.2d 1542, 1550 (9th Cir.1989). Thus, the allegations of the non-moving party are accepted as true, and all inferences reasonably drawn from those facts must be construed in favor of the responding party. *Id.* However, conclusory allegations and unwarranted inferences are insufficient to defeat a motion for judgment on the pleadings. *In re Syntex Corp. Sec. Litig.,* 95 F.3d 922, 926 (9th Cir.1996).

## II. Discussion

Plaintiff Sheldon Butler ("Plaintiff") filed two claims against Resurgence Financial, LLC., ("Defendant") for alleged violations of: (1) the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq; and (2) the Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"), Cal. Civ.Code § 1788 et seq. Defendant moves for judgment on the pleadings only as to Plaintiff's Rosenthal Act claim, arguing that it is barred by California's litigation privilege.

■ We begin by noting that most, if not all, of Plaintiff's allegations appear to fall within the scope of the litigation privilege. Under Cal. Civ.Code § 47(b), a publication or broadcast is privileged if it is made "[i]n any (1) legislative proceeding, (2) judicial proceeding, [or] (3) in any other official proceeding authorized by law...." In *Silberg v. Anderson,* 50 Cal.3d 205, 212, 266 Cal.Rptr. 638, 786 P.2d 365 (1990), the California Supreme Court explained that the litigation privilege applies to "any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." Here, Plaintiff alleges that during a consumer debt collection action, Defendant made misrepresentations in the complaint, false statements in sworn discovery responses, false statements as to the authenticity of documents, and false allegations that Defendant was entitled to attorneys' fees. Clearly all of Defendant's alleged actions were taken in judicial proceedings by a litigant to achieve the objects of litigation. As such, they are covered by the litigation privilege.

However, determining that Plaintiff's allegations fall within the scope of the litigation privilege does not end our inquiry. We must also decide whether the litigation privilege applies to claims under the Rosenthal Act. Predictably, Plaintiff argues that the litigation privilege does not apply to Rosenthal Act claims, while Defendant asserts that it does.

■ Although there is a split of authority on whether the litigation privilege applies to the Rosenthal Act, we think the better view is that does not. *Compare Oei v. N. Star Capital Acquisitions, LLC,* 486 F.Supp.2d 1089, 1101 (C.D.Cal.2006), *and First N. Am. Nat. Bank v. Superior*

*Court,* No. B 176618, 2005 WL 67123, *6 (Cal.App. Jan.13, 2005), *with Taylor v. Quall,* 458 F.Supp.2d 1065, 1068–1069 (C.D.Cal.2006) *and Nickoloff v. Wolpoff & Abramson, L.L.P.,* 511 F.Supp.2d 1043, 1045–1046 (C.D.Cal.2007).

In *Oei,* the court held that the litigation privilege did not bar Plaintiffs' Rosenthal Act claim. *Oei,* 486 F.Supp.2d at 1101. The court found that if the litigation privilege were applicable to Rosenthal Act claims, Defendants' communications would fall within its scope because they were made by litigants in connection with a judicial proceeding to achieve the object of the litigation. *Id.* at 1100. However, the court reasoned that the protections of the Rosenthal Act would be rendered meaningless if the privilege applied. Relying on the principle of statutory construction that a later, more specific statute prevails over an earlier, more general one, the court found that the Rosenthal Act prevailed over the protections of the litigation privilege. *Id.* at 1101.[1]

The court's reasoning in *Oei* is supported by the unpublished California Court of Appeal decision in *First N. Am. Nat. Bank.* Although the court in *First N. Am. Nat. Bank* did not specifically apply the principle of statutory construction relied on in *Oei,* the court nevertheless reasoned that "[t]o conclude that Civil Code section 47 provides debt collectors with a blanket privilege to engage in the same conduct proscribed by the Legislature in the Rosenthal Act would be to nullify the Rosenthal Act."

We find the reasoning of *Oei* and *First N. Am. Nat. Bank* to be persuasive. Although the courts in *Taylor* and *Nickoloff* held that the litigation privilege applied to the Rosenthal Act, both relied heavily on the fact that there was a lack of precedent exempting the Rosenthal Act from the litigation privilege. *See Taylor,* 458 F.Supp.2d at 1068–1069; *Nickoloff,* 511 F.Supp.2d at 1045–1046. Although this is an important consideration, neither court engaged in the same depth of analysis of the relationship between the two statutes as the courts did in *Oei* or *First N. Am. Nat. Bank.* Moreover, *Taylor* and *Nickoloff* did not discuss the purpose of the Rosenthal Act or address the significance of the fact that it prohibits certain types of litigation behavior.

Finally, a remedial statute should be interpreted broadly in order to effectuate it purpose. *Thompson v. 10,000 RV Sales, Inc.,* 130 Cal.App.4th 950, 976, 31 Cal.Rptr.3d 18 (2005). The California Legislature has specifically singled out the pernicious effects of debt collection practices for regulation in order to "ensure that debt collectors and debtors exercise their responsibilities to one another with fairness, honesty and due regard for the rights of the other." *Cal. Civ.Code* § 1788.1(a)(2). In providing consumers protection from certain debt collection practices, the Legislature defined "debt collection" as *"any* act or practice in connection with the collection of consumer debts." *Id.* § 1788.2(b) (emphasis added). If the litigation privilege were allowed to swallow the protections of the Rosenthal Act, the Legislature's purpose could not be

---

**1.** California courts have specifically applied this principle of statutory construction to the litigation privilege. For example, in *Schoendorf v. U.D. Registry,* 97 Cal.App.4th 227, 243, 118 Cal.Rptr.2d 313 (2002), the court discussed the relationship between the California Consumer Credit Reporting Agencies Act ("CCRAA") and the litigation privilege. The court stated that "to the extent that the CCRAA cannot be reconciled with the privilege, the CCRAA, being more specific, prevails over the litigation privilege, which is more general." *Id.*

effectuated. Therefore, in light of these considerations, we conclude that the litigation privilege does not apply to the provisions of the Rosenthal Act.

## III. Conclusion

Defendant's Motion is **DENIED**.

**IT IS SO ORDERED.**