**Douglas YATES, Plaintiff,**

v.

**ALLIED INTERNATIONAL CREDIT CORP. and Robert Salcedo, Defendant.**

**Case No. 06–CV–1458 BEN (JMA).**

United States District Court, S.D. California.

Jan. 29, 2008.

Robert Lyman Hyde, Hyde & Swigart, San Diego, CA, for Plaintiff.

Douglas F. Behm, Jennings Strouss and Salmon, Phoenix, AZ, David P. Hall, Neil Dymott Frank Harrison and McFall, San Diego, CA, for Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS CLAIMS II THROUGH V OF THE FIRST AMENDED COMPLAINT**

[Doc. # 9]

ROGER T. BENITEZ, District Judge.

## I. INTRODUCTION

Plaintiff Douglas Yates ("Plaintiff" or "Yates") alleges violations of the California and federal fair debt collection laws, and a number of factually related state law claims. Defendant Allied International Credit Corporation ("Defendant" or "Allied")[1] moves to dismiss Claims II through V in the First Amended Complaint as privileged under California Civil Code § 47(b). Plaintiff opposes the motion. The Court conducted oral argument on January 28, 2008. Defendant's motion is **GRANTED in part** and **DENIED in part**.

## II. FACTS

The First Amended Complaint ("FAC") alleges as follows. Plaintiff incurred financial obligations and fell behind on the payments. (FAC, ¶¶ 20–22). The debt was transferred to Allied for collection. (FAC, ¶ 23). On or about September 15, 2005, Defendant Robert Salcedo ("Salcedo"), employed by Allied, called Plaintiff's cellular phone. (FAC, ¶ 24). Salcedo demanded payment of the debt. (FAC, ¶ 27). Yates and Salcedo engaged in a verbal dispute. (FAC, ¶ 29). Plaintiff then hung up. *Id.* Salcedo called the San Diego Police Department and filed a false police report claiming that Plaintiff was killing someone. (FAC, ¶ 30).

San Diego Police officers were dispatched to Plaintiff's home, and "with guns drawn, forced Plaintiff from his home." (FAC, ¶ 31). Plaintiff was handcuffed and

---

1. As admitted during the oral argument by Plaintiff's counsel, Allied is the only defendant that has been served with the First Amended Complaint.

arrested. *Id.* The police officers also "forced roommates of Plaintiff from the home, at gun point." *Id.* "Police K–9 units were sent into Plaintiff's home to search for additional people. A door was kicked down." *Id.*

The police then determined that the information in Salcedo's call was unfounded and released Plaintiff and his roommates. (FAC, ¶ 32).

The FAC alleges five claims: Claim I for violations of the federal Fair Debt Collection Practices Act; Claim II for violations of the California Fair Debt Collection Practices Act; Claim III for negligence; Claim IV for intentional infliction of emotional distress; and Claim V for negligent infliction of emotional distress. The FAC also alleges that Allied was vicariously liable for Salcedo's actions.

### III. LEGAL STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, an action or part of an action may be dismissed for failure to state a claim upon which relief may be granted. *See* Fed.R.Civ.P. 12(b)(6). Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint. *See Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508, n. 1, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "Rule 12(b)(6) '[d]ismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory.'" *Zamani v. Carnes*, 491 F.3d 990, 996 (9th Cir.2007) (citation omitted).

### IV. DISCUSSION

■ Claims III through V fail as based on statements privileged under section 47(b) of the California Civil Code. Under section 47(b), communications made in any legislative, judicial or other official proceedings authorized by law are absolutely privileged. *See* Cal. Civ.Code. § 47(b). "[S]ection 47(b) is not limited to statements made in a courtroom." *Hagberg v. California Federal Bank FSB*, 32 Cal.4th 350, 7 Cal.Rptr.3d 803, 81 P.3d 244, 249 (Cal.2004). "Civil Code section 47 gives all persons the right to report crimes to the police, the local prosecutor or an appropriate regulatory agency, even if the report is made in bad faith." *Cabesuela v. Browning–Ferris Industries of California, Inc.*, 68 Cal.App.4th 101, 112, 80 Cal.Rptr.2d 60 (1998).

■ This Court recognizes that California intermediate appellate courts are split on whether section 47(b) privilege applies to reports made to the police. *See Johnson v. Symantec Corp.*, 58 F.Supp.2d 1107, 1109 (N.D.Cal.1999). The California Supreme Court has not ruled on the issue, although it noted that "[t]he 'official proceeding' privilege has been interpreted broadly to protect communications to or from *governmental* officials which may precede the initiation of formal proceedings." *Slaughter v. Friedman*, 32 Cal.3d 149, 156, 185 Cal.Rptr. 244, 649 P.2d 886 (1982) (citation omitted, emphasis original). At least one district court case has applied the privilege to a police report. *See Johnson*, 58 F.Supp.2d at 1109.

This Court finds the privilege applicable to police reports, including allegedly false ones. A person subjected to a false police report has avenues of redress. "[F]alse reports to police constitute a crime." *Hagberg*, 7 Cal.Rptr.3d 803, 81 P.3d at 263 (2004). Therefore "[t]he relevant forum [ ] for determining the truth of a police report is a criminal trial, whose safeguards go beyond those employed in any quasi-judicial proceeding." *Johnson*, 58 F.Supp.2d at 1113.

█ Plaintiff himself concedes mat "[t]he Supreme Court of California has concluded that the provisions of Cal. Civ. Code 47(b)(3) can properly be applied to bar tort actions based on privileged communications, which include police reports." (Pl.'s Opp. to Defs.' Mot. to Dismiss, 5:4–6). Yates argues, however, that the litigation privilege does not apply to his California Fair Debt Collection Practices Act, and that his claims fall into the malicious prosecution exception to the privilege. "[S]ection 47(b) operates to bar civil liability for any tort claim based upon a privileged communication, with the exception of malicious prosecution." *Hagberg*, 7 Cal. Rptr.3d 803, 81 P.3d at 259. These arguments are addressed in turn below.

## A. Applicability of Litigation Privilege to Claim under California Fair Debt Collection Practices Act

█ The litigation privilege does not apply to the claim brought under the California Fair Debt Collection Practices Act ("the Rosenthal Act"). As a preliminary matter, the interplay between the litigation privilege and the Rosenthal Act is not well defined. Some district courts have declined to apply the privilege to the Rosenthal Act claims. *See Butler v. Resurgence Financial, LLC,* 521 F.Supp.2d 1093, 1096–97 (C.D.Cal.2007); *Oei v. N. Star Capital Acquisitions, LLC,* 486 F.Supp.2d 1089, 1101 (C.D.Cal.2006). These courts reasoned that the privilege would render the Rosenthal Act's protections meaningless and that the Act prevails over the privilege as the more specific statute of the two. *Butler,* 521 F.Supp.2d at 1096–97; *Oei,* 486 F.Supp.2d at 1100–01. Another court found no direct legal authority which would support the inapplicability of the

privilege. *See Taylor v. Quall,* 458 F.Supp.2d 1065, 1068–69 (C.D.Cal.2006); *see also Nickoloff v. Wolpoff & Abramson, L.L.P.,* 511 F.Supp.2d 1043, 1045 (C.D.Cal. 2007) (applying the privilege). The *Taylor* and *Nickoloff* decisions were concerned about the lack of any precedent exempting the Act from the privilege. *See Butler,* 521 F.Supp.2d at 1095–96 (citing *Taylor,* 458 F.Supp.2d at 1068–69; and *Nickoloff,* 511 F.Supp.2d at 1045–46).

This Court agrees with the decisions declining to apply the litigation privilege to the Rosenthal Act. At this point, there is sufficient direct precedent, generated by the district courts within the Ninth Circuit, excepting the Rosenthal Act from the scope of the privilege. In addition, the Supreme Court has previously held that the FDCPA applies to the litigation activities of attorneys who regularly engage in debt collection. *See Heintz v. Jenkins,* 514 U.S. 291, 299, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995). This Supreme Court decision further supports the conclusion that litigation privilege would not override a law protecting against unfair debt collection practices.

As already pointed out by other district courts, the application of the privilege would leave an individual in Plaintiff's situation without a California civil remedy, a result hardly intended by the legislature.[2] Further, rules of statutory construction weigh in favor of the Rosenthal Act, the more specific and recent law, and against the litigation privilege, the more general and earlier law. *See Schoendorf v. U.D. Registry,* 97 Cal.App.4th 227, 243, 118 Cal. Rptr.2d 313 (2002) (holding that the California Consumer Credit Reporting Agencies Act, being more specific, prevails over the litigation privilege, which is more gen-

---

**2.** This Court notes that if the facts alleged are true, it would be difficult to imagine a more unscrupulous, unprofessional, outrageous and

injurious conduct than that engaged in by Defendants.

eral). Accordingly, this Court will not allow the litigation privilege to defeat the protections of the Rosenthal Act.

## B. Exception for Malicious Prosecution

■ The exception for malicious prosecution actions does not apply to claims III through V. "To establish a cause of action for the malicious prosecution of a civil proceeding, a plaintiff must plead and prove that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's, favor [citations]; (2) was brought without probable cause [citations]; and (3) was initiated with malice [citations]." *Zamos v. Stroud,* 32 Cal.4th 958, 965, 12 Cal.Rptr.3d 54, 87 P.3d 802 (2004) (internal quotation marks and citations omitted). Plaintiff argues that his claims are excepted as "analogous" to a malicious prosecution claim because Defendants were actively involved in causing Plaintiff to be prosecuted; the police released Plaintiff upon determining that no homicide had been committed; Defendants did not reasonably believe that a homicide was being committed and the accusation was made without probable cause; and Defendants acted primarily for a purpose other than bringing Plaintiff to justice. In the event the motion to dismiss is granted, Plaintiff also seeks leave of court to amend the FAC and replace the current state law claims with a claim for malicious prosecution.

Plaintiff provides no legal authority supporting an exception to the section 47(b) privilege for claims "analogous" to malicious prosecution. Indeed, such an exception would amount to the creation of a new claim based on allegations apparently insufficient to state a malicious prosecution claim, but entitled to the same treatment. In addition, Claims III through V are not analogous to malicious prosecution. They are specifically pleaded as claims for violations of the Rosenthal Act (FAC, ¶¶ 41–43); negligence (FAC, ¶¶ 44–50); intentional infliction of emotional distress (FAC, ¶¶ 51–56); and negligent infliction of emotional distress (FAC, ¶¶ 57–60), respectively. Each cause of action addresses its own required elements. The elements of a malicious prosecution claim, on the contrary, are absent from the pleading.[3]

■ Plaintiff argues that even if the statements made to the police are privileged, Claims III through V may be supported by other evidence, such as the testimony of his friends and neighbors and telephone records. Plaintiff appears to treat the section 47(b) privilege as an evidentiary one. Section 47(b), however, bars "civil liability for any tort claim based upon a privileged communication." *Hagberg,* 7 Cal.Rptr.3d 803, 81 P.3d at 259. Claims III through V are largely based on Salcedo's statements to the police. Without these statements, the police would have never been dispatched to Plaintiff's home, and his friends and neighbors would have nothing to testify about. (*See* FAC, ¶ 34–36 (alleging that it was the false report that constituted harassment and false and/or unconscionable means to collect a debt.)). Therefore the source of the evidence, such as the testimony of friends or neighbors, does not defeat the privilege.

■ Claims III through V, however, may survive to the extent that they are supported by allegations other than those

---

**3.** Even assuming that it were proper for the Court to construe the current state law claims as one for malicious prosecution, Plaintiff, as discussed below, has not pleaded the existence of a prior action initiated against him.

Plaintiff has not alleged, for example, that he was arraigned. *See County of Los Angeles v. Superior Court,* 78 Cal.App.4th 212, 220–21, 92 Cal.Rptr.2d 668 (Cal.App. 2 Dist.2000).

of the false report, such as the use of spoofing devices and Allied's negligent hiring of Salcedo. To the extent that the tort claims are based on these other allegations, they are outside the scope of the litigation privilege and may proceed. To the extent that the tort claims rely on the allegations of the false report, however, they are dismissed with prejudice. Dismissal without leave to amend is proper when the defective pleading cannot be cured by alleging other facts. See *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The litigation privilege cannot be defeated by amendment.

### C. Leave to Amend

Plaintiff seeks and is granted leave to amend to state a malicious prosecution claim. (*See* Pl.'s Opp. to Defs.' Mot. to Dismiss, 7:20–23). "Leave shall be freely given when justice so requires." Fed. R.Civ.P. 15(a); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003) (*per curiam*) (stating that Rule 15 "is to be applied with extreme liberality") (internal quotation marks omitted).

 Based on the current allegations, it is not clear whether Plaintiff can state a claim for malicious prosecution. One of the elements of a malicious prosecution claim is a prior action. *See Zamos*, 32 Cal.4th at 965, 12 Cal.Rptr.3d 54, 87 P.3d 802. Under California law, "malicious prosecution begins ... [at] the point at which the person is arraigned." *County of Los Angeles v. Superior Court*, 78 Cal. App.4th 212, 220–21, 92 Cal.Rptr.2d 668 (Cal.App. 2 Dist.2000). Plaintiff has so far only alleged that "[e]ventually, police determined that the call from Defendant SALCEDO was unfounded and released Plaintiff and his roommates." (FAC, ¶ 32). In his opposition to the present motion, Plaintiff does not argue that he was arraigned. Because it is possible, however, that Plaintiff may allege the necessary facts to support a malicious claim, leave to amend is appropriate.

Allied opposed Plaintiff's request for leave in the reply, arguing that any malicious prosecution claim should be stricken under the anti-SLAPP statute.

A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.

Cal. Civ.Proc.Code § 425.16(b)(1). At this point, no claim for malicious prosecution has yet been alleged. Therefore any determination regarding the probability that Plaintiff will prevail is premature. Because the futility of the amendment is not certain, leave to amend is granted.

### V. Conclusion

1. The Motion to Dismiss the First Amended Complaint is **DENIED** as to Claim II.

2. The Motion to Dismiss the First Amended Complaint is **GRANTED with prejudice** as to Claims III through V, to the extent that these claims are based on the allegations of a false report to the police.

3. Plaintiff shall have *thirty days* from the date this Order is entered to file his Second Amended Complaint to allege a claim for malicious prosecution. Plaintiff may only file an amended pleading if he can properly allege all the required elements, including the commencement of a prior action against him. In the event Plaintiff chooses not to file an amended pleading, Plaintiff has until and including

*March 28, 2008.* to serve the First Amended Complaint on Robert Salcedo.

**IT IS SO ORDERED.**